THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY JOE CASTILE *et al.*, Defendants-Appellants.

Fifth District    Nos. 75-26, 76-250, 76-475, 77-29, 77-279 cons.

Opinion filed December 4, 1980.

Barnett, Ettinger, Glass, Berkson & Braverman, of Chicago, for appellant Robert Thomas.

Mudge, Riley & Lucco, of Edwardsville, for appellant Billy Joe Castile.

John H. Reid and Thomas W. Mansfield, both of State Appellate Defender's Office, of Mt. Vernon, for appellants Thomas Haywood, Derrell Wynne, and Vernon DeWitt.

Nicholas G. Byron, State's Attorney, of Edwardsville, Clyde L. Kuehn, State's Attorney, of Belleville, Walden E. Morris, State's Attorney, of Harrisburg (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant Castile was convicted of burglary in the circuit court of Madison County and was sentenced to three to nine years' imprisonment. An appeal was taken to this court, which set the defendant's bond at $10,000. Oral argument was had in this court on November 6, 1975. On December 19, 1975, this court affirmed the defendant's conviction and sentence in an opinion reported at 34 Ill. App. 3d 220, 339 N.E.2d 366. Defendant's petition for leave to appeal to the Supreme Court of Illinois was denied. This court's mandate issued on February 9, 1976.

On June 27, 1980, the People filed a motion in this court requesting that the balance of defendant's bail deposit be applied to payment of court costs incurred for his trial and appeal. Court costs still owing from proceedings in the trial court total $50, including a $20 circuit clerk's fee and a $30 State's Attorney's fee. Court costs still owing from proceedings in this court total $60, which includes the $50 State's Attorney's appeal fee, and $10 State's Attorney's *per diem* fee.

This and four other causes were consolidated for this motion. All cases involve unsuccessful appeals, and all defendants have posted bond and incurred $60 in costs in this court. Two of the remaining four cases also involve uncollected trial costs as does *Castile*. The People seek application of the bail deposits to the costs incurred both in this court and in the circuit court.

The defendants concede that the appropriate statutes are broad enough to allow deduction of our own costs but deny that there is any authorization for deduction and payment here of costs incurred in the trial court. (Ill. Rev. Stat. 1979, ch. 38, pars. 110—7(i) and 180—3.) We note that the People are not utilizing either an execution or a fee bill. We think it must be granted that such writs would be available to the People for recovery of their trial court costs from defendant's bond funds on deposit with the clerk of this court. However, in this case the People have sought the less cumbersome method of petition for direct payment. Defendants urge that the recent decision of the Illinois Supreme Court in *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56, casts doubt on the constitutionality of the procedure that would permit our direct payment of trial court costs.

The application of cash bail to costs incurred in this court has specifically been held constitutional. (*People v. Nicholls* (1977), 45 Ill. App. 3d 312, 359 N.E.2d 1095, *aff'd in part, rev'd in part* (1978), 71 Ill. 2d 166, 374

N.E.2d 194; *People v. Estate of Scott* (1977), 66 Ill. 2d 522, 363 N.E.2d 823.) Because the *Cook* decision is based in large measure on the constitutional and statutory right to free counsel for indigents, we deem it insufficient reason to reconsider the *Nicholls* and *Estate of Scott* cases. Therefore, the motion to apply defendants' cash bail to costs incurred in this court is granted.

Application of bail money to costs incurred in the trial court, however, is not required by any rule or statute to which we have been referred. For our part, we are not aware of any such rule or statute. We are skeptical of the power of this court or its clerk to pay trial court costs summarily from bond funds of defendant on deposit here, and our skepticism is not removed by reference to the fact that Illinois has a fully integrated court system. Though the system is integrated, the operations of the different clerks' offices are not. We feel that justification for direct payment by this court of trial court costs of prosecution from defendant's bail funds must emanate from an express Supreme Court Rule or statute. In the absence of such authorization, the second portion of the People's motion must be denied.

■■ ■ As we stated in *Nicholls*, "costs and fees incurred in one court cannot be taxed or assessed and collected in another court." (45 Ill. App. 3d 312, 315.) The People assert that this language distinguishes between taxation or assessment of costs, which may only be done in one court, and collection, which may be done in any court, but we intended no such reading of *Nicholls*.

Petition for payment of costs of appeal incurred in this court is granted; petition for costs incurred in the trial court is denied.

HARRISON and KASSERMAN, JJ., concur.