THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD DEAN BENNETT, Defendant-Appellant.

(No. 73-73;

Fifth District—February 6, 1974.

CREBS, J., took no part.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael J. Rosborough, Assistant Appellate Defender, of counsel), for appellant.

John H. Ward, of Taylorville (James W. Jerz and Martin P. Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

PER CURIAM:

The defendant pled guilty to the offenses of aggravated assault and criminal damage to property and made an application for probation. After a probation hearing was held, probation was denied, and the defendant was sentenced to serve seven months at the State Farm.

The record indicates that the trial judge failed to comply with Supreme Court Rule 402(d) (1) which states that the trial judge shall not initiate plea discussions. (Ill. Rev. Stat., ch. 110A, sec 402(d)(1)). After the court was informed that the defendant wished to plead guilty, the State's Attorney advised the court that the plea was made pursuant to plea negotiations. In return for the defendant's plea of guilty the State was to recommend a fine of approximately $350 for the offense of aggravated assault. The State's Attorney remarked that no penalty had been negotiated for the criminal damage to property charge because "it was a rather minor matter". The negotiated plea did not include anything about the defendant being placed on probation.

■■ The trial judge stated that he would accept a plea agreement if the defendant pled guilty and applied for probation. If the probation report was favorable to the defendant, a fine was to be imposed and the defendant was to be placed on probation. The State's Attorney then informed the court that he had not discussed probation with defense counsel, and the trial judge replied:

"If you wish to enter a plea of guilty on that basis I will accept
it and we will proceed along those lines."

Both attorneys then informed the court that the defendant would likely be placed on probation for a federal offense and that there was no point in having two probations running at one time. The judge then stated:

"I think with what you told me concerning Mr. Bennett, I think
he needs to be under probation for a while."

The defendant and his attorney then stated that the agreement, as modified by the trial judge, was acceptable.

The trial judge substantially modified the plea agreement by inserting the provision concerning probation. The judge insisted that a probation provision be a part of the agreement even after both attorneys stated that they did not think it was necessary. We believe that such conduct is a violation of Rule 402(d)(1).

■■ The record also reveals that the trial court failed to comply with Supreme Court Rule 402 (b). (Ill. Rev. Stat., ch. 110A, sec. 402(b)). That provision obligates the trial court to determine whether any force, threats or promises, apart from a plea agreement, were used to obtain the plea. The trial court failed to ask whether any force, threats or

promises were used, or otherwise inquire into the voluntariness of the plea.

For the foregoing reasons we reverse the defendant's conviction and remand the case to the Circuit Court of Christian County with directions that the defendant be permitted to plead anew.

Reversed and remanded with instructions.

CREBS, J., took no part in the consideration or decision of this case.