THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BARRINGER, Defendant-Appellant.

(No. 74-15;

Fifth District—September 11, 1974.

Robert E. Farrell and Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Robert J. Neely, State's Attorney, of Metropolis (Ralph J. Mendelsohn, of Model State's Attorneys Support Unit, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of Massac County, on a plea of guilty, against the defendant, James Barringer, for the offense of escape and the imposition of a sentence of 1 to 3 years in the penitentiary, said sentence to run concurrently with the sentence which defendant was serving at the time of his escape.

The defendant's sole contention on this appeal is that the "trial court failed to comply with Supreme Court Rule 402(d)(1)," prohibiting it from initiating plea discussions, "when it modified the plea agreement by insisting that the sentence include the defendant's payment of court costs." The defendant cites one case, *People v. Bennett,* 16 Ill.App.3d 972, 307 N.E.2d 176, in support of this contention.

In *People v. Bennett* this court found that:

> "The trial judge substantially modified the plea agreement by inserting the provision concerning probation. The judge insisted that a probation provision be a part of the agreement even after both attorneys stated that they did not think it was necessary." (16 Ill.App.3d at 973.)

This court there held "that such conduct is a violation of Rule 402(d) (1)." (16 Ill.App.3d at 973.) The defendant contends that instant case "is factually similar to *Bennett.*" We do not agree.

In *Bennett* the trial court's action resulted in a substantial modification of the plea agreement. Not only did that modification drastically alter the plea agreement, but it injected the possibility of incarceration where none had existed previously. In contrast, the trial judge in the instant case merely inserted the condition that the defendant pay the court costs. It was appropriate for the judge to do so in view of the language in section 13 of the act in judgments and executions (Ill. Rev. Stat. 1971, ch. 38, par. 180—3), which provides:

> "When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of prosecution."

In fact, the court in *People v. Harris*, 97 Ill.App.2d 288, 240 N.E.2d 123, *cert. denied*, 395 U.S. 985, held: "[S]ection 180—3 (Judgment for costs) of Chapter 38 leaves no discretion in the court by the use of the word 'shall'." (97 Ill.App.2d at 302.) Therefore the trial judge was not only authorized but required to have the defendant pay the court costs. We hold the trial judge's compliance with the foregoing statutory requirement did not violate the proscription against the trial judge's initiation of plea negotiation embodied in Supreme Court Rule 402 (d)(1).

Having found the defendant's only contention without merit, we affirm the judgment of the circuit court of Massac County.

Judgment affirmed.

G. MORAN, P. J., and CARTER, J., concur.