(No. 48537.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ESTATE OF SARAH A. SCOTT, Deceased, Appellee.

*Opinion filed May 20, 1977.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Irwin L. Frazin and Jody C. Weiner, both of Chicago, for appellee.

Robert M. Axelrod, of Woodlawn Community Defender Office, of Chicago, for *amicus curiae* Criminal Defense Consortium of Cook County, Inc.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), *amicus curiae*.

Freda Levensen, of Sonnenschein, Carlin, Nath & Rosenthal, and Stanton Brody, both of Chicago, for *amicus curiae* the American Civil Liberties Union.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Following plea negotiations, defendant, Sarah A.

Scott, pleaded guilty in the circuit court of Cook County to the offense of attempted robbery and was sentenced to five years' probation. The People moved for judgment for costs (Ill. Rev. Stat. 1975, ch. 38, par. 180—3) in the amount of $60 to be paid from defendant's deposit of bail security (Ill. Rev. Stat. 1975, ch. 38, pars. 110—7(a) and (h)). The circuit court, holding that "the present statutory cost scheme" was unconstitutional, denied the People's motion and entered an order refunding to defendant the bail security deposited. The People appealed directly to this court. (58 Ill. 2d R. 603.) Defendant died pending the appeal, and her estate has been substituted as appellee. Ill. Rev. Stat. 1975, ch. 110, par. 54(2).

The pertinent statutes provide:

> "When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution." Ill. Rev. Stat. 1975, ch. 38, par. 180—3.
>
> "The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail, but in no event shall such deposit be less than $25." Ill. Rev. Stat. 1975, ch. 38, par. 110—7(a).
>
> "After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with subsection (a) the balance of such deposit, after deduction of bail bond costs, shall be applied to the payment of the judgment." Ill. Rev. Stat. 1975, ch. 38, par. 110—7(h).

Defendant contends that the statutory cost pattern is unconstitutionally vague on its face; that the manner in which it has been applied and enforced violates the equal protection clause of the fourteenth amendment in that it "creates three separate classifications of burdened individuals"; that in failing to provide a hearing prior to the imposition of a judgment for costs, it is violative of procedural due process guarantees; and that it has "an unconstitutional chilling effect on the exercise of a

defendant's rights." Briefs have also been filed by *amici curiae,* the Criminal Defense Consortium of Cook County, Inc., the American Civil Liberties Union, and the public defender of Cook County, in all of which it is contended that the cost statutes are constitutionally defective. The People's briefs have addressed these contentions, and the People argue that the circuit court erred in holding the statutes unconstitutional.

Several of the contentions made by defendant and *amici* involve issues not presented by the record. We need not consider arguments which hypothesize a defendant who was acquitted or indigent, an order assessing unreasonable costs, or a bail deposit which was not defendant's money. Defendant was convicted on a plea of guilty; it is not argued that she was indigent, that the costs sought to be recovered were unreasonable or that the money deposited was not defendant's property.

We consider first the contention made by defendant and *amici* that the taxing of costs against a convicted defendant has an unconstitutional chilling effect on the exercise of such rights as trial by jury, a preliminary hearing or the subpoena of witnesses. *Fuller v. Oregon,* 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116, involved an Oregon statute which required a convicted defendant, indigent at the time of the criminal proceedings, for whom counsel is provided and who subsequently acquires the means to pay, to bear the cost of his legal defense. In rejecting the contention that the recoupment provision of the statute had an unconstitutional chilling effect on a defendant's constitutional right to have counsel provided by the State when he is unable, because of indigency, to employ counsel, the court stated:

> "This case is fundamentally different from our decisions relied on by the petitioner which have invalidated state and federal laws that placed a penalty on the exercise of a constitutional right. See *Uniformed Sanitation Men v. Sanitation*

*Comm'r,* 392 U.S. 280; *Gardner v. Broderick,* 392 U.S. 273; *United States v. Jackson,* 390 U.S. 570. Unlike the statutes found invalid in those cases, where the provisions 'had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them,' *id.,* at 581, Oregon's recoupment statute merely provides that a convicted person who later becomes able to pay for his counsel may be required to do so. Oregon's legislation is tailored to impose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship." 417 U.S. 40, 54, 40 L. Ed. 2d 642, 655, 94 S. Ct. 2116, 2125.

Defendant and *amici* do not dispute that the People have a legitimate interest in attempting to recoup some of the costs of administering the criminal justice system, and we are unable to say, on this record, that the method selected by the General Assembly for so doing is unconstitutional.

Defendant and *amici* contend that the failure of the statute to provide for a hearing prior to the entry of a judgment for costs resulted in a denial of procedural due process. At the time of the imposition of sentence the State's Attorney moved for the entry of a judgment for costs, and so far as the record reflects, this appears to be the customary procedure. A defendant against whom such a motion is directed has the right to resist the entry of judgment on any grounds which appear to be appropriate, and defendant did so in this case. Although the statute is silent on the subject, no reason appears why the circuit court, in the event of objection to the judgment, could not conduct a hearing to the extent necessary to decide the issues, and, indeed, the circuit court did so. We hold that nothing in the statute served to deny procedural due

process.

Finally, it is contended that the cost statutes are invalid by reason of the manner in which they are applied. It is argued that the filing of motions for the taxing of costs and the disposition of such motions varies with the assistant State's Attorneys and trial judges in Cook County. The possibility of unconstitutional application of the statute does not serve to render it invalid (*Jacobs v. City of Chicago,* 53 Ill. 2d 421, 426), and the record does not show that the statute was unconstitutionally applied to this defendant.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*