THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY VAUGHN, Defendant-Appellant.

Fifth District   No. 78-287

Opinion filed July 31, 1979.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The defendant, Stanley Vaughn, was found guilty of burglary by a jury in the Circuit Court of St. Clair County and sentenced to two years probation. As incidents of probation, defendant was ordered to pay a fine and court costs. Defendant's only issue on appeal is that the court could not order the payment of court costs as an incident of probation. We do not agree.

Defendant was sentenced on May 5, 1978. At that time, section 5—6—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—6—3(b) stated:

"(b) The Court may in addition to other conditions require that the [defendant]:

* * *

(2) pay a fine."

Nowhere in the foregoing section is the specific power to impose court costs as a condition of probation given to a trial court. The foregoing section was amended, effective August 18, 1978, to read:

"(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the court require that the [defendant]:

\* \* \*

(2) pay a fine and costs."

We do not believe that the legislature meant that the "other conditions" were limited to the mandatory conditions of sections 5—6—2 and 5—6—3(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, pars. 1005—6—2 and 1005—6—3(a)), but the legislature intended to provide that the trial court could impose conditions reasonably related to the rehabilitation of the defendant, as clarified by the mandatory provision. (See *People v. Dunn* (1976), 43 Ill. App. 3d 94, 356 N.E.2d 1137.) The amendment to subsection (2) adding the words "and costs" cannot be construed to mean that the legislature had previously intended that costs could not be included as an incident of probation under the general language of "other conditions." We find that this amendment was adopted in order to clarify the statute by specifically providing that costs can be ordered paid as a condition of probation, and it should not be construed to mean that trial courts were not granted this power previously by implication or that they could not attach the condition of payment of costs as an inherent power of the court. Payment of court costs apportions a small part of the actual costs of crime to the offender and certainly is related to probation and to the offender's rehabilitation.

Historically, courts have had the power to impose the payment of court costs as a condition of probation. For example, section 117—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 117—2(b)(3)) provided:

"A person admitted to probation may be subject to the following conditions:

\* \* \*

(3) Pay the cost of proceedings as set by the court."

Section 5—3(2) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(2)) provides:

"The court may as a condition of probation or of conditional discharge require that the minor:

\* \* \*

(o) comply with other conditions as may be ordered by the court."

The foregoing section grants the court the discretion to impose court costs on a juvenile offender as an incident to probation or conditional discharge.

In *People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267, the defendant was sentenced to pay court costs of $385.40 and restitution of $1,138.86. Our supreme court reduced the amount of restitution to $387 and ruled that the trial court was not impowered by section 5—6—3(b)(10) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10)) to order restitution of sums extraneous to the informations before it. Our supreme court affirmed the imposition of court costs as a condition of probation.

We further note the requirement that a person who is convicted of an offense under any statute or under the common law is to pay the costs of the prosecution. (Ill. Rev. Stat. 1977, ch. 38, par. 180—3.) The foregoing section is mandatory and not discretionary as is section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3). Although mere failure to pay the court costs under section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1977, ch. 38, par. 180—3) cannot lead to the revocation of probation, *wilful* failure to pay the same imposed as a condition of probation, may result in revocation of probation.

For the reasons stated, we affirm the judgment of the Circuit Court of St. Clair County.

Affirmed.

G. MORAN, P. J., and KASSERMAN, J., concur.