THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VICTOR KING, Defendant-Appellant.

Third District    No. 81-18

Opinion filed December 22, 1981.

STOUDER, J., dissenting.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
On November 24, 1980, a criminal proceeding commenced in Peoria County. Victor King, the defendant, stood trial for the offense of burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a)). After two days of testimony, the jury returned a guilty verdict. Later, defendant was sentenced to the penitentiary for 10 years. This appeal, which follows, presents the single issue of disparity of sentencing.

Both the defendant Victor King and a co-defendant, Reginald Davis, were initially charged with burglary. Prior to trial, Davis and his attorney negotiated an agreed disposition with the state's attorney. In exchange for Davis' plea of guilty to an amended information charging theft, it was agreed that the burglary charge against Davis would be dismissed. Davis agreed to a four-year penitentiary sentence. Sentencing hearing was waived.

Citing *People v. Godinez* (1980), 92 Ill. App. 3d 523, *appeal allowed* (1981), 85 Ill. 2d 17, defendant King contends that the sentence imposed on him is excessive. That disparity in sentencing exists here is clear on its face. Both King and Davis were participants in the same burglary/theft. Davis pleaded guilty to theft and received a four-year sentence. King stood on his not-guilty plea, was convicted of burglary by a jury, and was

sentenced to 10 years in the penitentiary. The question on appeal is: Is the disparity justified?

Trial testimony indicated that defendant *et al.* entered the Tobin Brothers' plumbing warehouse in Peoria on or about September 18, 1980, and stole some microwave ovens. Access was gained by use of a crowbar. Once inside, the defendant and another passed the ovens to an unidentified person(s) standing on the other side of the fence which surrounds the Tobin premises. The value of the ovens was $9,000. Defendant King was identified by an eyewitness as the person who gained entry into the building with the crowbar.

At defendant's sentencing hearing the "rap sheet" of Reginald Davis, listing prior arrests and convictions, as well as the record of the latter's guilty plea in connection with the Tobin burglary, were admitted into evidence. Defendant argues that Davis' criminal past and his were largely the same. The same argument was advanced as to each defendant's participation in the crime. Also, the defendant alleged, the value of the stolen merchandise was inflated. Defendant admitted to a drug problem. Defense counsel recommended a sentence of four to five years' imprisonment.

In this cause the record fails to reflect most of what defendant says it does. In pursuing his guilty plea, Reginald Davis did not offer any evidence at his sentencing hearing. Thus, such proceedings relate nothing about the man's education, familial, or psychological history. How then can a comparison be made between such facts of defendant's rehabilitative potential and those of Davis? Such cannot be done. Although we agree that previous criminal history may be highly relevant in assessing the likelihood of rehabilitation, such is not the sole factor of import in the sentencing equation (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1). Appellate counsel overlooks the fact that defendant's trial lawyer even argued that a disparate five-year prison term would be permissible.

The degree of King's participation in the crime was not the same as Davis'. King used the crowbar to force his way into the warehouse. He was identified as passing the ovens to a third person who took them away. If he was not the leader in this felony offense, it is beyond argument that he was a principal participant in its commission. The record does not show the level of Davis' participation in the burglary. Moreover, defendant's attempt to depreciate the cost of the stolen merchandise does not control the gravity of the offense. This is especially so, where, as in the case at bar, the only rebuttal evidence of such cost was the defendant's trial lawyer's opinion as to its fair market value.

Defendant also fails to appreciate the distinction that Davis pleaded guilty to theft, whereas defendant was convicted of burglary. Although

both offenses are felonies, our legislature has determined the latter is more serious (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1). Defendant's argument, followed to its logical conclusion, would lead to King's receiving the same sentence imposed on Davis even if Davis had received a term of probation. In short, the argument runs, whatever a previous judge concludes is a just sentence as to one co-defendant controls the subsequent disposition of a different co-defendant if both parties are "similarly situated." Supposing Davis had been allowed to plead guilty to the misdemeanor offense of trespass to land or disturbing the peace? Would such a disposition control the sentence for a co-defendant convicted of burglary? Presumably, we are asked to conclude that the prior sentence would control a latter sentencing disposition, even if the latter punishment imposed is prohibited by the sentencing statute.

What does such a theory do to a grant of immunity to procure testimony against a co-defendant? Could any greater disparity exist than a grant of immunity to convict a co-defendant? The logical extension of defendant's argument would serve to defeat the purposes of the sentencing statute and the ends of justice. The sentence is supposed to fit the crime and the criminal and to take into account the interest of the public in the due administration of criminal justice. There is no basis in law for an artificial mandate that two defendants involved in the same offense must receive the same sentence.

A longer sentence is not unfair because of the length of its term if it is based on valid sentencing factors in aggravation and mitigation. The length of his sentence may be viewed by the defendant as an index for gauging whether his sentence, as well as his trial, was fair. A defendant's personal assessment of the term of the sanction imposed, however, is not the operative fact upon which to determine whether a sentence is excessive.

At the sentencing hearing the circuit judge noted the defendant's four prior felony convictions, two of which involved the same offense for which he had just been convicted. Both such offenses occurred within the previous 10 years. He considered mitigating circumstances, as well as the rehabilitative potential of the defendant. Also, he admitted as evidence the material concerning co-defendant Davis, which allegedly had a bearing on the disposition of defendant King. We do not believe defendant's sentence is impermissible based on what transpired either at defendant's sentencing hearing or the criminal proceedings concerning Davis' plea of guilty. The trial judge explained the statutory considerations which were the basis of his imposition of an extended term (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2). Obviously, the trial judge thought the rehabilitative potential of King was a severe risk to the community. In

other words, his chances for reforming himself within a short prison term were minimal. The sentence of 10 years was within the statutory range of permitted penalties. No abuse of discretion occurred.

One factor that a trial judge takes into account in sentencing is a defendant's rehabilitative potential. In this connection, it must be borne in mind that Reginald Davis pleaded guilty. Victor King has never admitted his complicity in the crime. Though it may be error of constitutional magnitude to impose a harsher sentence on King for invoking his right to a jury trial *(People v. Sivels* (1975), 60 Ill. 2d 102, 104), such is not the issue this cause presents. Defendant has adduced no evidence that his sentence was more severe because he sought a jury trial. Lacking such an affirmative showing, a sentencing disposition which is more favorable because of a co-defendant's guilty plea does not prejudice the other co-defendant's right to elect a jury trial. Defendant has never acknowledged his complicity in the burglary; Davis' guilty plea, implicitly, if not actually, does so. If rehabilitation is to occur, an acknowledgement of guilt by the offender is the initial step to so-called rehabilitation. A guilty plea, most significantly, exhibits a defendant's willingness to assume responsibility for his own conduct. A trial court can, quite properly, consider a declaration of guilt as evidence of the onset of rehabilitation and make concessions in sentencing. This in no way affects the rights of a co-offender who refuses to plead guilty but invokes a right to trial by jury. Merely because one co-offender is not penalized as severely because he admits his wrongdoing violates no rights of a co-offender charged with the same crime. Where one party admits wrong, but the other does not, and is subsequently convicted by his peers, it is inaccurate to contend that both persons are similarly situated with respect to the rehabilitative principal as concerns sentencing.

Sentencing determinations are complex and challenging. To be fair to a defendant, and the community within which he must dwell, a just punishment must address the activity done, the likelihood of rehabilitation or further criminality by the actor, and the effect the crime has on society. The sanction imposed will only be fair when all sentencing factors are balanced. Recognition of the sentence imposed on a co-defendant should also be weighed if properly before the court (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(b)). But such other penalty does not control the latter sentencing determination. Rather, it amounts to another component to be considered by the judge sentencing the defendant before him.

Rarely will a trial judge be confronted with two co-defendants who are really similarly situated in terms of the wrong committed, their individual histories and personalities, or their disposition with respect to

the criminal justice system (*cf. People v. Kline* (1981), 99 Ill. App. 3d 540, with *People v. Dewaele* (1981), 98 Ill. App. 3d 636). This cause presents yet another scenario which accents the intrinsic distinction between two or more co-defendants. Furthermore, it exemplifies that to conclude, as a matter of law, that two co-defendants are similarly situated demonstrates a lack of actual analysis. The law demands more than a mere paper comparison couched in the terminology of principles of equal protection of the law. Defendants are not machines which can be calibrated or categorized for the purpose of legal argument. We should not expect trial judges to act as automatons when meting out punishment to a person who has been convicted of a crime. To conclude otherwise is to ignore the present realities which exist in our trial courts in the daily administration of justice.

Finally, we must address the question in the case of co-defendants, even if we are to assume perfect similarity, of whether the lesser sentence is correct. If the lesser sentence is incorrect, there is no justification in reducing a larger but correct sentence to coincide with the incorrect sentence. Two wrongs do not make a right. If, for instance, co-defendants who are similarly situated are charged with murder and one is allowed to negotiate a plea to a curfew violation and fined $10 for the offense, is the co-defendant who is sentenced to 20 years in the penitentiary for murder entitled to have that sentence reduced to a $10 fine? One would hope to the contrary.

For the reasons stated, the conviction and sentence of the Circuit Court of Peoria County are hereby affirmed.

Affirmed.

SCOTT, P. J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the reasoning and result reached by my colleagues. I believe this case should either be remanded for reconsideration of the sentence or the sentence should be reduced to five years.

The majority opinion offers several theories to support its result. Although not necessarily stated in this order, the majority suggests that sentencing is largely and perhaps entirely a discretionary function of the trial court. Although judicial review lies based on abuse of that discretion, if the sentence imposed is within the statutory range no abuse of discretion can probably be shown. Secondly, the majority rejects the principle that disparity in sentences imposed on two offenders may support a conclusion there has been an abuse of discretion in sentencing.

It rejects this principle because, as noted earlier, the discretion of the trial court in sentencing is so broad that judicial review offers no particular limitation on the exercise of discretion.

Additionally, the majority indicates that disparity in sentencing is an inapplicable principle because no two offenders have identical backgrounds and degrees of participation in the offense nor can these circumstances be sufficient to even justify comparison. In this regard the majority indicates that where, as in the instant case, the two offenders are sentenced by different judges, the second judge is not bound by the decision of the first judge whether correct or mistaken. The majority suggest the earlier decision may be a factor in the sentencing decision, but in view of the more generalized idea that the trial court's discretion should be unfettered, I think it is a fair statement to suggest the majority believes the prior sentence should have no practical effect.

Finally the majority declares that even if discretion is reviewable and disparity is a recognized principle, there is no disparity in the instant case because the co-participant receiving the earlier sentence pleaded guilty to a lesser crime pursuant to a negotiated plea bargain in contrast to the position of the defendant, who pleaded not guilty and whose guilt was established as a consequence of a jury trial.

There are three principal goals of imprisonment, and I think they furnish a necessary starting point for this dissent. These goals are deterrence, retribution and segregation from society. Once imprisonment has been determined upon, rehabilitation, to the extent that it is a goal or an expectation, is a secondary or incidental result.

Our present arrangement for the determination and imposition of terms of imprisonment is a hybrid legislative-judicial procedure with the general tendency at present to recognize the final act of sentencing as being judicial. Within the judicial discretion which is exercised by courts, both the legislative classifications and sentencing guidelines direct that the judicial discretion be directed toward imposing a sentence proportional to the criminal offense and the circumstances of the offender.

Both the discretionary function and the proportionality rationale compete with another well-established principle of jurisprudence that our system is one of laws, not of men. This means generally that the result ought not to depend on the particular judge rendering the decision but only on the application of the legal rules in an objective manner. Obviously this is a goal for which we strive but one which is probably not realizable in practice. Yet it furnishes the important framework of striving to apply the sentencing rules and functions so that offenders of similar backgrounds committing similar offenses ought to be treated substantially alike. The rule has a more special application where the offenders

are participants in the same criminal offense, thus eliminating or reducing one of the variables in the sentencing determination.

There is probably no subject which receives more discussion and results in less unanimity than that of sentencing. I quite agree with the majority that the determination and imposition of a sentence by a trial judge is discretionary and that for all practical purposes it is not subject to judicial review. In fact, in some States sentences are not reviewable by appeal. Nevertheless there are some cases in which a court of review may have an opportunity to apply the proportionality rationale and this is particularly true in a case of co-participants in an offense where similarities and differences are more objectively quantified.

In passing I would note that our sentence statute by specifying aggravating and mitigating factors attempts to objectify the sentencing process, but without quantifying such factors it is difficult to determine whether there have been any changes in the result. I would note that the proposed Federal system through the intermediation of the sentencing commission proposes the quantification of sentencing factors resulting in a narrow range of the possible sentence.

Since I do believe there is a principle against disparity in sentencing or that as applied to this case that offenders guilty of committing the same offense with similar backgrounds ought to receive a similar sentence, a response to the arguments advanced by the majority as applied to the instant case seems appropriate. First of all, since we have co-participants in the same offense, I think the sentence deemed appropriate for the first offender, although not conclusive on the sentences to be imposed thereafter, is highly critical. This is true whether it be meted out by a different judge as in the instant case or by the same judge. It does seem to me the sentence imposed on the first offender establishes an essential point of departure or standard of comparison in determining the sentence for the second offender participating in the same offense.

Without being bound by the earlier decision, the second court in rational application of sentencing principles ought not to depart from the principles applied in arriving at the first sentence unless objective factors demonstrate that a different result is required. These objective factors might include differences in relation to the offense, differences in background and the court imposing the second sentence might, subject to the same limitation in the usual case of judicial review, conclude the first court abused its discretion in imposing the sentence which it did either by one which was too severe or by one which was not severe enough. Of course if the prosecution has granted a co-participant immunity or a reduced sentence in return for the co-participant's cooperation in the investigation or trial of the case, this fact will constitute an objective

difference between the circumstances of the co-participants. Such a difference in circumstances could justify a difference in sentences without detracting from the general rule requiring proportionality of sentences.

So far as the degree of participation in the offense is concerned, I think the record discloses the co-participants were substantially equal offenders. I doubt that either offender could claim he was entitled to a lesser sentence because of his lesser participation in the offense, and indeed the prosecution made no such claim at the sentencing hearing.

Next the majority concedes an offender ought not receive a greater sentence because of his exercise of his right to be tried by a jury. Having made the proper obeisance to constitutional principles, the majority then declares that confession is so good for the soul that he who does not confess may justly be required to linger many more years in jail. No matter how many disclaimers to the contrary, this is a judicial declaration that the offender who loses after exercising his constitutional right to a jury trial may receive a greater sentence than one who pleads guilty.

Finally, even though the trial court was aware of the co-offender's participation in the events, his criminal background, and the sentence which he received, the trial court imposed the substantially greater term of imprisonment on the defendant without in any way suggesting the reasons therefor. Where a sentencing situation such as the one at hand is presented, I think at a minimum the trial court must make some finding to support its result, otherwise a court of review is required to speculate as does the majority on why the participants in the same offense received substantially different sentences.