THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE JOHNSON, Defendant-Appellant.

First District (5th Division) No. 85—2997

Opinion filed January 30, 1987.

Alan D. Blumenthal, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Sandra Ramos, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Defendant entered guilty pleas to a one-count information charging indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par 11—4(a)(3)) and to two one-count indictments and to one count of a three-count indictment charging aggravated indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1(b)(1)(B)). He was sentenced to concurrent 18-year terms for each offense. After defendant's motions to withdraw his pleas or reduce his sentences were denied, defendant has appealed. Defendant contends that the trial court violated Supreme Court Rule 402 (87 Ill. 2d R. 402) by initiating plea bargaining, that he pleaded guilty relying on a false or illusory plea agreement which denied him due process, and that the 18-year sentence was excessive.

In accepting defendant's guilty plea, the trial court advised defendant of his rights at a trial, which he was giving up, in substantial compliance with Supreme Court Rule 402 (87 Ill. 2d R. 402.) In addition, defense counsel stated that conferences had been held regarding the case and "that the only agreement that has come out of these conferences is that the sentence that he is liable for would carry a cap of eighteen years." The trial court, in addressing the defendant, reiterated to defendant that upon a plea of guilty there would be a "cap of eighteen years," which the trial court indicated meant that the defendant would "not be sentenced to the penitentiary for a period of more than eighteen years." Defendant indicated that he understood the situation. After entry of the guilty pleas, the case was continued for a hearing in aggravation and mitigation. After that extensive hearing, which will be detailed hereafter, defendant was sentenced to a term of 18 years in the penitentiary.

Thereafter defendant filed a motion to reduce his sentence, which was denied, and a motion to withdraw his guilty pleas, which was also denied. During the hearing to withdraw the guilty pleas, the State indicated that it did not dispute the matters contained in the defense affidavits concerning the conferences on the guilty pleas and therefore no evidentiary hearing was held on the matter. These documents basically indicate that the defense counsel and the prosecution entered into plea discussions. The State offered a term of 15 years' incarceration in return for defendant's guilty pleas, but apparently defendant did not agree with the recommendation. On March 8, 1985, the parties agreed to present the matter to the trial court. On March 29, 1985, the trial court indicated that it believed that a sentence of 25 years' incarceration was appropriate, apparently based on defendant's conviction for a similar offense in which he had received a probation-

ary sentence. The trial court, after further discussion, then indicated that a 20-year term might be imposed. Both proposed dispositions were rejected by defense counsel. Finally, the trial court indicated that it would impose an 18-year term upon a guilty plea on condition that defendant cooperate in publicizing the circumstances of his type of criminal behavior. The court indicated that this offer would be withdrawn in one week. On April 1, 1985, defendant rejected the 18-year offer by the trial court. One day later, defense counsel presented the proposal that upon defendant's plea of guilty to the offenses, a "cap" of 18 years be agreed to as the maximum sentence that might be imposed. In return, the defense counsel assured defendant that the trial court would consider a sentence below 18 years after a hearing in aggravation and mitigation and that the trial court would be open-minded in considering whether a lesser sentence was appropriate after evidence was presented at the sentencing hearing. Defendant agreed to this disposition.

I

■■ Because the trial court imposed 18-year sentences upon defendant's pleas of guilty, defendant now contends that his guilty pleas were improper because the trial court initiated the guilty-plea negotiations in contravention of Supreme Court Rule 402(d)(1). (87 Ill. 2d R. 402(d)(1).) Defendant now maintains that, in this case, the trial court's respective "offers" of 25, 20, and 18 years were well outside the recommendations of the State and the defense. In addition, the trial court imposed a time limit for acceptance of the 18-year offer (April 4, 1985) which alerted the defendant to the practical wisdom of entering guilty pleas rather than pursuing trial. Defendant concedes that he and the prosecution sought out the March 1985 plea conference with the trial court, but relying on *People v. Bennett* (1974), 16 Ill. App. 3d 972, 307 N.E.2d 176, the defendant characterizes the trial court's conduct as an initiation of guilty-plea proceedings which, in this case, violated Rule 402 and induced his involuntary pleas of guilty.

In *People v. Bennett*, the defense and prosecution had agreed that if the defendant would plead guilty to aggravated assault and criminal damage to property, the State would recommend a fine on the former charge and not seek imposition of a penalty on the latter offense, which was described by the prosecution as relatively minor. The negotiated plea did not include any condition that defendant be placed on probation. The trial court, however, indicated that it would only accept defendant's guilty plea and the plea agreement if defendant

would also apply for probation. Should the probation report prove favorable to defendant, he would then be fined and be placed on probation. After some discussion, both defense counsel and the prosecution agreed with the trial judge's disposition. Defendant then pleaded guilty, but after a resulting probation hearing was held, probation was denied and defendant was sentenced to a seven-month term of incarceration. In setting aside the conviction and directing that defendant be allowed to reconsider his plea, the appellate court held that the trial judge had substantially modified the plea agreement by interjecting a provision regarding probation which the trial court insisted be a part of the agreement even though both defense counsel and the prosecution indicated that they did not think probation was necessary. The appellate court concluded that such conduct was in violation of Rule 402(d)(1), which provides that the trial court "shall not initiate plea discussions."

We do not believe that *Bennett* is controlling in this situation. In *People v. Robinson* (1974), 17 Ill. App. 3d 310, 308 N.E.2d 88, the appellate court considered the term "initiate" as used in Rule 402 and indicated that it was not the equivalent of a trial court's participation in guilty-plea proceedings. The appellate court expressed a view that not all judicial participation in guilty-plea discussions is improper. The court stated:

"When a defendant learns that the trial judge has sought on his own initiative to resolve his case without benefit of trial, a defendant may well deduce that the judge has prejudged him to be guilty and that a plea of not guilty would be futile. When, on the other hand, both the State's Attorney and defense counsel seek to reach agreement but are unable to do so without the assistance of the judge, any indication of the judge's prejudice from the mere fact of his willingness to assist in [a negotiation] would be negligible." (17 Ill. App. 3d 310, 313-14, 308 N.E.2d 88.)

The court in *Robinson* further indicated that claims that the plea would be involuntary depending on the action of the judge would have to be considered on a case-by-case basis.

In *People v. Barringer* (1974), 22 Ill. App. 3d 168, 317 N.E.2d 331, the appellate court explained its decision in *Bennett* by noting that in *Bennett* the trial court's actions had resulted in a considerable modification of the plea agreement which drastically altered the agreement and also injected the possibility of incarceration where none had previously existed.

In the present case, we do not believe that the trial court can be

said to have initiated the guilty-plea discussions. Here it is agreed that defense counsel and the prosecution had discussed possible sentences for defendant upon entry of guilty pleas. The State had taken a position that it would seek a sentence of 15 years, while defense counsel indicated that defendant believed that a lesser term was appropriate. Because of the disagreement, the matter was presented to the trial court, which indicated basically that it did not agree with either position. Rather, based on defendant's record, the trial court indicated that a more substantial sentence was appropriate. Defense counsel, however, rejected the 25-year sentence and later a 20-year sentence which the trial court indicated might be appropriate, and the trial court then proposed an 18-year term if the defendant would cooperate in publicizing his condition, apparently in order to benefit others who had similar psychological problems. The trial court then indicated that such term would be acceptable to it only until April 4, 1985. The defendant, however, rejected the 18-year term. We see nothing in this situation which would require a conclusion that the trial court had drastically altered the character of the sentence. The State was proposing a 15-year term and the last indicated sentence by the trial court was a term of 18 years. Certainly defendant was well aware that several of the offenses for which he was pleading guilty were Class X offenses requiring a mandatory prison term of 6 years' and possibly upward to 30 years' incarceration. Under the circumstances of this case, we do not believe that there can be any conclusion other than the fact that the trial court did not initiate the guilty-plea discussions.

## II

Defendant also complains that he was denied due process when his motion for leave to withdraw his guilty pleas was rejected because such pleas were entered upon a reliance of a false and illusory plea agreement, which the trial court either did not understand or the trial court did not permit defendant to concur in the agreement by allowing him to consider whether he should withdraw the plea. In this regard defendant characterizes the trial court's behavior as ignoring the agreement reached by the parties. Defendant concedes that he suggested a "cap" to the State, the essence of which was that the trial court would limit the range of sentencing from between 6 to 18 years and would maintain an open mind to a sentence of less than 18 years upon hearing evidence in aggravation and mitigation at the sentencing hearing. It was also understood that the State would make a recommendation of a 15-year term of incarceration upon entry of the

plea. Defendant argues that by pleading guilty he could hope for less than the "cap" and would also benefit by the State's lower recommendation. Defendant in his brief concedes that the trial court was entitled to sentence him to a term of 18 years; however, defendant maintains that the trial court had never had an intention of entertaining a sentence below the 18-year "cap," and in fact, the trial court's agreement to such "cap" was a ruse designed to induce him to plead guilty. Defendant also characterizes the trial court as continuing to view the 18-year sentence as a conditional minimum rather than as a maximum sentence, even though the defendant had explicitly rejected it several days before the offer of an 18-year term. Therefore, defendant concludes that his plea was anything but intelligent and voluntary.

We must reject defendant's position. As noted, just prior to entry of the guilty pleas, defense counsel indicated that defendant understood that the only agreement reached was that the sentence imposed would not exceed 18 years and that the defendant would be able to argue for a lesser sentence. Defendant concurred in the trial court's similar inquiry before entering the guilty pleas and indicated that no other promises had been made. At the hearing on defendant's motion to withdraw the pleas, defense counsel concurred that there was an understanding that defendant might possibly be sentenced to an 18-year term and that defendant was not advised that he would definitely get less than that sentence. Rather defense counsel indicated that he told defendant that the trial court would keep an open mind as to a lesser sentence in the matter. The State correctly notes that the mere fact that a defendant hopes and believes that he will receive a milder punishment does not present a basis for withdrawal of a guilty plea when that expectation has not been realized. (See *People v. Turner* (1982), 111 Ill. App. 3d 358, 372, 443 N.E.2d 1167.) In the present case the only thing that is presented is defendant's defeated expectation of a lesser sentence than the 18-year term imposed by the trial court. We therefore reject defendant's claim that he was denied due process because we do not perceive that there was a false or illusory plea agreement upon which he relied or that the trial court in any manner misunderstood the terms of the agreement.

### III

Defendant's final contention is that the 18-year sentence was excessive. This claim is based on his prior record, which included only one previous conviction; prior to that time defendant was married and had raised a family and had generally conducted himself in business in an acceptable manner. According to the psychiatric testimony pre-

sented in defendant's sentencing hearing, defendant was a classic pedophile who was largely passive, exhibitionist, and a voyeuristic fondler. Defendant notes that he had sought psychiatric treatment for his illness for several years and had engaged in traditional psychotherapy to the extent of institutionalizing himself. Finally, when he became aware of such treatment he subjected himself to treatment with a drug called depoprovera, which was a female hormone for which defendant received injections by his psychiatrist. This drug apparently lowered his fantasy level regarding young girls to the extent that he no longer was driven to molest them. The psychiatrist, who testified at defendant's sentencing hearing, indicated that the use of the female hormone had not been subjected to any long-lasting study of the effects on individuals such as the defendant. In sentencing the defendant, the trial court indicated that it had a duty to protect young, innocent children. The court recognized that defendant was a sick man, but concluded that based on the evidence no real rehabilitation was possible. Further, the trial court noted that defendant had not promptly sought medical attention.

We initially take notice that, prior to defendant's guilty plea, the statutes classifying the offense of which defendant was charged, were repealed by Public Act No. 83—1067, effective July 1, 1984. The new Act reclassifying sex offenses is incorporated in sections 12—12 through 12—18 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—12 et seq.). We also note that the new Act changed the offenses, thus affecting their corresponding penalties. Under the new Act, defendant would be subject to lesser penalties. However, the Act specifically provides that it was not intended to affect any prosecution or remedies existing under the statutes in effect at the time of the commission of an offense. That provision is paramount to the general saving statute (Ill. Rev. Stat. 1985, ch. 1, par. 1103), under which a defendant may elect which sentencing scheme a court should apply. See People v. Flambeau (1985), 134 Ill. App. 3d 932, 481 N.E.2d 740.

However, even applying the 1983 statute, the 18-year sentence imposed for the conviction of indecent liberties with a child is in error. That offense was a Class I felony with a maximum sentence of 15 years. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4(d), 1005—8—1(a)(4).) The concurrent sentence of 18 years on the aggravated indecent liberties with a child conviction is within the statutory maximum. That offense was a Class X felony providing for a sentence of not less than 6 years nor more than 30 years. Ill. Rev. Stat. 1983, ch. 38, pars. 11—4.1(e), 1005—8—1(a)(3).

The record does reflect an understandable confusion on the part

of defendant's counsel on the trial court's meaning that there would be a "cap" of 18 years. In light of this confusion and the State's Attorney's recommendation of 15 years, this court modifies the sentence to concurrent terms of 15 years pursuant to Rule 615(b)(4) of the supreme court rules in criminal appeals. 87 Ill. 2d R. 615(b)(4).

Accordingly, we affirm the convictions but modify the sentences to concurrent terms of 15 years.

Affirmed as modified.

LORENZ and PINCHAM, JJ., concur.