THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS D. TERNEUS, Defendant-Appellant.

Fourth District   No. 4—92—0383

Opinion filed December 30, 1992.—Rehearing denied February 24, 1993.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In January 1992, the State charged defendant, Thomas D. Terneus, with aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1)). On March 24, 1992, the date the case was set for jury trial, defendant pleaded guilty as charged pursuant to an agreement that the State would recommend a sentence of 11 years in prison, to be served concurrently with a five-year prison sentence on an unrelated forgery charge. The trial court accepted defendant's guilty plea and sentenced him as the parties agreed. The next day, the court entered a written judgment order which, in pertinent part, ordered that "defendant pay the costs of these proceedings." On March 30, 1992, defendant filed a motion to withdraw his guilty plea. The court later conducted a hearing on that motion and denied it. Defendant appeals, arguing that the trial court (1) denied him procedural due process by entering a money judgment for costs without notice following his guilty plea, and (2) imposed an excessive sentence.

We affirm.

I. Imposition Of Costs

■■ Section 13 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1991, ch. 38, par. 180—3) (hereinafter the costs statute) covers costs in criminal cases and reads, in pertinent part, as follows: "When any person is convicted of an offense under any statute, or at common law, the court *shall* enter judgment that the offender pay the costs of the prosecution." (Emphasis added.) Pursuant to this statute, the trial court imposed costs upon defendant shortly after he pleaded guilty and thus stood "convicted of an offense." Defendant correctly points out that the court made no mention of the costs statute or the assessment of costs when it accepted his guilty plea and sentenced him; instead, the first indication that the court assessed costs appeared in its written order entered the next day concerning the judgment and sentence.

Defendant argues that the trial court denied him procedural due process because it entered a money judgment against him without notice. Defendant further argues that this judgment improperly modified the plea agreement reached by defendant and the State. We disagree with both claims.

A. *Procedural Due Process on Imposing Costs of Prosecution*

Defendant primarily cites *People v. Estate of Scott* (1977), 66 Ill. 2d 522, 363 N.E.2d 823, in support of his claim that imposing costs here violated procedural due process. In *Estate of Scott*, the trial court accepted defendant's guilty plea to attempt (robbery) and sentenced her to probation. The State moved for judgment for costs pursuant to the costs statute (see Ill. Rev. Stat. 1975, ch. 38, par. 180—3) in the amount of $60. The trial court denied that request and held that the statutory cost scheme was unconstitutional. *Estate of Scott*, 66 Ill. 2d at 524, 363 N.E.2d at 824.

The State appealed, and the supreme court reversed. In the process, the supreme court rejected all constitutional objections defendant made regarding the costs statute. One of those claims was that, as here, the statute denied the defendant procedural due process because it failed to provide for a hearing prior to the entry of a judgment for costs. The court addressed this claim as follows:

"A defendant against whom such a motion is directed has the right to resist the entry of judgment on any grounds which appear to be appropriate, and defendant did so in this case. Although the statute is silent on the subject, no reason ap-

pears why the circuit court, in the event of objection to the judgment, could not conduct a hearing to the extent necessary to decide the issues, and, indeed, the circuit court did so. We hold that nothing in the statute served to deny procedural due process." *Estate of Scott*, 66 Ill. 2d at 526-27, 363 N.E.2d at 825.

We find nothing in *Estate of Scott* which supports defendant's argument here. We note that the costs statute leaves no discretion in the trial court because it directs that court to give judgment against the convicted offender to pay the costs of the prosecution. (Ill. Rev. Stat. 1991, ch. 38, par. 180—3; *People v. Vaughn* (1979), 75 Ill. App. 3d 121, 123, 394 N.E.2d 19, 20; *People v. Barringer* (1974), 22 Ill. App. 3d 168, 169, 317 N.E.2d 331, 332.) Thus, the costs statute *required* the trial court here to enter the order it did on March 25, 1992, directing defendant to pay court costs, and the court could not do otherwise.

■ We hold that a defendant's notice of the requirement that the trial court impose costs upon his conviction is premised upon the well-settled doctrine of law that one is presumed to know the law and ignorance of it is no excuse. (*People v. Ivy* (1985), 133 Ill. App. 3d 647, 653, 479 N.E.2d 399, 403.) For example, if the law presumes that one knows that possessing a shotgun having a barrel less than 18 inches in length is illegal, and the law will reject any effort by a defendant to premise a defense to such a charge upon her claimed ignorance (*Ivy*, 133 Ill. App. 3d at 653, 479 N.E.2d at 403), then surely the law can and should presume that persons convicted of crimes know that they will suffer collateral consequences as a result of those convictions, such as the requirement that they pay costs of prosecution. The law is also well settled that imposing costs does not punish a defendant in addition to the sentence he receives, but is instead a collateral consequence. *People v. DuMontelle* (1977), 49 Ill. App. 3d 187, 192, 364 N.E.2d 95, 99, *rev'd on other grounds* (1978), 71 Ill. 2d 157, 374 N.E.2d 205 ("[i]n contrast to fines which are punitive, costs of prosecution are purely compensatory").

■ Finally, we note that Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) does require a trial court to inform a defendant who is offering to plead guilty of the minimum and maximum *sentences* prescribed by law. However, that rule does not require the trial court to inform a defendant of collateral consequences, such as paying the costs of prosecution. "It is well settled that a trial court is not responsible for advising an accused of the civil or collateral con-

sequences of a guilty plea. [Citations.] Thus, the court's failure to admonish defendant of the revocation of his driving privileges is of no consequence \*\*\*." *People v. Smith* (1989), 188 Ill. App. 3d 387, 392, 544 N.E.2d 413, 416; see also *People v. Thomas* (1968), 41 Ill. 2d 122, 125-26, 242 N.E.2d 177, 178-79 (discussing statutory predecessor to Rule 402 which required the trial court to "fully explain[ ] to the accused the consequences of entering [a guilty] plea" before accepting that plea (Ill. Rev. Stat. 1957, ch. 38, par. 732) and holding that the trial court need not inform the guilty-pleading defendant of collateral consequences in order to comply with that statute); *People v. Jenkins* (1970), 128 Ill. App. 2d 351, 355, 262 N.E.2d 105, 107.

■ Based on the foregoing authority, we hold that defendants pleading guilty to criminal charges are on notice that the trial court must and will impose costs. We further hold that a trial court need not admonish a defendant who has offered to plead guilty that the court will impose costs if it accepts that guilty plea.

■ Considering the above holdings, we reject defendant's claim in the present case that he was denied procedural due process because the trial court did not specifically provide for a hearing before it imposed costs. We first note that defendant never asked for such a hearing, even though both his motion to withdraw his guilty plea and the hearing thereon occurred after the trial court entered its written order imposing court costs. Second, defendant nowhere explains the nature of the hearing to which he claims to be entitled. After all, if the imposition of costs is mandatory, as we have previously noted, then requiring the trial court to routinely conduct a hearing on that issue is to require a nugatory act. We cannot permit the limited judicial resources of this State to be so expended.

### B. Defendant's Claim That Imposing Costs Improperly Modified the Plea Agreement

■ Defendant next argues that the trial court's imposition of costs "in effect improperly modified the plea agreement reached between the defendant and the prosecution." In *Barringer*, the court rejected the defendant's argument that the trial court failed to comply with Supreme Court Rule 402(d)(1) (see 50 Ill. 2d R. 402(d)(1)) " 'when it modified the plea agreement by insisting that the sentence include the defendant's payment of court costs.' " (*Barringer*, 22 Ill. App. 3d at 168, 317 N.E.2d at 331.) The appellate court held that the trial judge committed no impropriety by "merely insert[ing] the condition that the defendant pay the court costs" because

"the trial judge was not only authorized but required to have the defendant pay the court costs." (*Barringer*, 22 Ill. App. 3d at 169, 317 N.E.2d at 332.) Defendant argues that the *Barringer* court erred in its conclusion and that we should decline to follow it. We are unpersuaded.

Because we earlier held that the law places all defendants on notice that they will be assessed costs upon conviction, we reject defendant's argument that "the trial court's action in modifying the plea agreement by adding a judgment for costs without notice was error." *Barringer* was decided correctly, and we follow it without reservation.

## II. DEFENDANT'S CLAIM THAT HIS SENTENCE WAS EXCESSIVE

Defendant last argues that his 11-year prison sentence is excessive. In support, he argues that (1) his sentence is "nearly double the minimum sentence for the offense" of which he was convicted, and (2) the trial court gave his prior nonviolent criminal history too much weight. Defendant also argues that other defendants have received lesser sentences from other courts for factually similar offenses. We reject all of these arguments.

■ The short answer to all of defendant's arguments is that his 11-year prison sentence is precisely what he bargained for, thus estopping him from challenging this sentence on appeal. (*People v. Willer* (1985), 132 Ill. App. 3d 63, 64-65, 476 N.E.2d 1385, 1387.) We also note that the State's Attorney's factual basis for defendant's guilty plea revealed that his victim was a one-month-old child for whom defendant was babysitting when he performed an act of sexual penetration on the child by inserting some object repeatedly into the child's rectum, causing it to bleed. The prosecutor also stated that defendant told a fellow inmate in the Macon County jail that he masturbated to ejaculation while inserting this object into the victim's rectum. The record also reveals that defendant had two convictions for forgery and two convictions for driving while license revoked.

However, we choose to address defendant's claims on the merits because of the authority he cites in support. Defendant concedes that a reviewing court will not disturb a sentence on appeal unless the trial court has abused its sentencing discretion (*People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541, 545; *People v. Harris* (1989), 187 Ill. App. 3d 832, 843, 543 N.E.2d 859, 865). Defendant nonetheless primarily bases his claim that his sentence was excessive upon a comparison of his case with several other reported deci-

sions of defendants convicted of aggravated criminal sexual assault who received less severe sentences than defendant received. Defendant argues that "[i]n light of the aforementioned cases, which are factually similar and in some instances more severe than in the instant case, the sentence imposed here is excessive."

Defendant finds support for this novel analytical approach in *Harris* (187 Ill. App. 3d at 844-46, 543 N.E.2d at 866-67), which defendant accurately describes as follows:

> "In *Harris*, the appellate court considered a claim of excessiveness and found it imperative to review other similar cases to determine whether the circumstances there dictated a contrary result. (*Harris*, 543 N.E.2d at 866-867.) A review of the cases analyzed in *Harris* compels the conclusion that a contrary result is necessary here and that the sentence indeed was excessive."

With all due respect to our sister court, we reject the *Harris* analytical approach to claims that a sentence is excessive.

In *Harris*, the court first noted the restraints imposed by the Illinois Supreme Court upon reductions of prison sentences by appellate courts (*Harris*, 187 Ill. App. 3d at 843-44, 543 N.E.2d at 865) but then found the appellant's 25-year sentence excessive, vacated it, and remanded for resentencing. In reaching its conclusion that the sentence was excessive, the court cited seven other aggravated criminal sexual assault cases which it described as involving similar facts but in which "the sentences have not even closely paralleled the sentence imposed here." (*Harris*, 187 Ill. App. 3d at 845, 543 N.E.2d at 866.) However, nowhere in *Harris* does the court explain the authority for this analytical approach—of comparing other sentences imposed in allegedly similar cases—when an appellate court determines whether the trial court *in the particular case on appeal* has abused its discretion by imposing an excessive sentence.

In *People v. Wilson* (1991), 143 Ill. 2d 236, 250-51, 572 N.E.2d 937, 944, the supreme court rejected the claim of a defendant, convicted of reckless homicide, that his three-year prison sentence was excessive. In doing so, the supreme court wrote the following:

> "The determination of the appropriate sentence to impose in a given case is a matter within the sound discretion of the trial judge and his decision will not be overturned absent an abuse of that discretion. (*People v. James* (1987), 118 Ill. 2d 214, 228[, 514 N.E.2d 998, 1004].) After carefully reviewing the record of the sentencing hearing, we conclude that the

trial judge properly considered appropriate factors in mitigation, such as defendant's background and his rehabilitative potential, and that the sentence adequately reflects the seriousness of the offense. Defendant's sentence was less than the five-year statutory maximum for the offense. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6).) We thus find no abuse of discretion in the trial judge's sentencing of defendant." *Wilson*, 143 Ill. 2d at 250-51, 572 N.E.2d at 944.

In *People v. Steppan* (1985), 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307, the supreme court similarly rejected the appeal of a convicted burglar, who argued that his sentence was excessive, and wrote the following:

> "*As this court has repeatedly emphasized*, a reviewing court should not substitute its judgment or preference as to punishment for that of the sentencing court. The trial court is ordinarily best situated to tailor a sentence or other disposition to the needs of the case. It balances the appropriate factors in imposing sentence, and the exercise of this discretion should not be altered upon review absent abuse of that discretion." (Emphasis added.)

In the above two quotations, the Illinois Supreme Court does not even hint that an appellate court could appropriately compare the allegedly excessive sentence in the case before it with sentences reported in totally unrelated cases. Instead, both of these excerpts reveal that the supreme court continues to emphasize its theme that appellate courts ought not second-guess trial courts as to what constitutes an appropriate sentence in a given case. Until and unless the supreme court specifically authorizes appellate courts to engage in a *Harris*-like comparative analysis of what other defendants received in allegedly similar cases, we decline to do so.

We add that we do not soon expect any such authorization from the supreme court because the analytical approach taken in *Harris* is erroneous. That approach (and the argument made by defendant in the case before us) implies that the lesser sentences imposed in the seven cases cited in *Harris* were appropriate and that the 25-year sentence imposed in *Harris* was not. We disagree with that implication and note with approval the dissenting opinion of Justice Green in a similar context in which the majority opinion spoke of the "appearance, and oftentimes the fact" of "inequities" arising from disparate sentences. (*People v. Cox* (1979), 77 Ill. App. 3d 59, 62, 396 N.E.2d 59, 63.) Justice Green appropriately noted that "[n]o indication has been shown of a legislative intent to lessen disparity

of sentences by equating all sentences to those that would be imposed by the most lenient trial courts or approved by the most lenient courts of review." *Cox*, 77 Ill. App. 3d at 77, 396 N.E.2d at 73 (Green, J., dissenting), *rev'd* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Furthermore, the oft-cited standard of review of sentences appropriately recognizes that no two cases are ever truly "the same," despite how similar they might at first appear. The written words of the record rarely if ever fully capture the intricacies that work into the sentencing court's judgment, including but not limited to that court's direct observations of the defendant's demeanor, as well as the victim's pain and ability to cope.

Finally, the "sample" of appellate court opinions used by the *Harris* court in an attempt to justify its sentence reduction is skewed because it fails to include appeals by defendants convicted of aggravated criminal sexual assault whose excessive sentence claims were rejected by appellate courts in orders entered pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). The appellate court decides a significant percentage (and probably a majority) of criminal cases in Rule 23 orders, particularly when the defendant claims on appeal that he received an excessive sentence. Thus, if the *Harris* court had considered *every* case of aggravated criminal sexual assault in which a claim of excessive sentence were raised had been considered by the *Harris* court, it might not have found the 25-year sentence before it on appeal nearly so egregious after all.

*Harris* is further skewed because not all defendants who might have received a sentence similar to that in *Harris* or in the present case appeal their sentences. The result of the *Harris* approach is to reward defendants who "comb the books" to find a handful of cases presenting lesser sentences for the same statutory offense, thus enabling those defendants to then argue that the lesser sentences they found become the effective maximum sentences a trial judge can impose without expecting a remand for resentencing.

We note that our rejection of the *Harris* analysis is fully consistent with decisions predating *Harris* from the Second and Third District Appellate Courts. In *People v. Conaway* (1981), 101 Ill. App. 3d 202, 204, 427 N.E.2d 1302, 1304, the third district affirmed the trial court's refusing to consider lesser sentences imposed on another defendant who had pleaded guilty to delivery of controlled substances (as had the defendant in *Conaway*) and whose convictions arose from the same ongoing undercover investigation. In *People v. Brown* (1982), 103 Ill. App. 3d 306, 309, 431 N.E.2d 43, 46, the second district rejected defendant's challenge to his sen-

tence imposed in Du Page County, claiming it was disparate from sentences imposed in Kane County for similar offenses. The *Brown* court wrote the following:

> "The disparity between the sentences imposed \*\*\* by the trial court in Kane County and the sentences imposed by the trial court in Du Page County in this case is no indication that the Du Page County sentences were excessive any more than it is an indication that the sentences imposed in Kane County were insufficient." (*Brown*, 103 Ill. App. 3d at 309, 431 N.E.2d at 46.)

Although *Harris* was decided many years after *Brown* and *Conaway*, the *Harris* court neither discusses nor acknowledges those decisions.

In conclusion, we adhere to the views this court expressed in *People v. Sanchez* (1989), 189 Ill. App. 3d 1011, 1018-19, 546 N.E.2d 268, 273 (citing with approval the views expressed by then-appellate court Justice Heiple in *People v. King* (1981), 102 Ill. App. 3d 257, 259-61, 430 N.E.2d 292, 294-95):

> "In short, a sentence is supposed to fit both the crime and the criminal and to take into account the interests of the public in the administration of criminal justice. There is no basis in the law for a claim that two defendants involved in the same offense must receive the same sentence."

We add that there is even less basis for such a claim when the defendants who allegedly received disparate sentences were *not* involved in the same offense.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

KNECHT and COOK, JJ., concur.