(No. 31508.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NICK TSUKAS, Plaintiff in Error.

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

JULIAN C. RYER, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, Samuel Papenek, and Archibald T. Lecesne, all of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

The defendant, Nick Tsukas, and John Gallo, Tony Demetral, Edward P. Miller and Gerald Boncimino, were jointly indicted in the criminal court of Cook County for the crime of armed robbery. Plaintiff in error, Tsukas, obtained a separate trial, and was found guilty by a jury in manner and form as charged in the indictment of the crime of armed robbery. Motions for new trial and in arrest of judgment were overruled, and plaintiff in error was sentenced to serve not less than eight nor more than eighteen years in the Illinois State Penitentiary.

Briefly, the evidence shows that after previous arrangements made by the defendant, John Gallo, all of the other named defendants on April 4, 1949, met Tsukas on North Broadway, in the city of Chicago, in a car furnished by Boncimino, and then all of the defendants drove to the Villa Moderne restaurant, located at Skokie Road and the County line in Cook County. There is no question whatever but what a robbery took place at this restaurant, participated in by several persons, and over $3000 was taken by force and intimidation from one Ralph E. Hutchins, one of the officials and an employee of the restaurant corporation. Shortly after the robbery the police came upon the scene, pursued the five defendants, and were unable to overtake them, but during the same night found a portion of the stolen property in a garbage can, and apprehended the defendant, Edward P. Miller. He proceeded to disclose the part he had taken in the robbery, and named the other defendants, who were apprehended by the police. No testimony was offered on behalf of the plaintiff in error.

A number of errors are claimed by plaintiff in error, which we will take up in order. It is first claimed that the venue of the alleged offense was not proved beyond a reasonable doubt. Two witnesses who were the principal officers of the corporation, testified that the restaurant was located in Cook County, and that the robbery took place in the restaurant, and nobody disputes their testimony, and, hence, that point is wholly devoid of merit.

It is next claimed that the indictment charged that the property and money was taken from the care and custody of Ralph E. Hutchins, and actually belonged to the Villa Moderne, Inc., a corporation, and therefore it became necessary to prove such incorporation. This is not the law. Proof of ownership of property taken in robbery is unimportant, and it is sufficient proof of the crime to show beyond a reasonable doubt that possession of property is taken from an individual by force or putting in fear. It is the force and putting in fear that is the gist of the crime of robbery. *People* v. *Kubish,* 357 Ill. 531; *People* v. *Ficarrotta,* 385 Ill. 108.

The next six objections relate to the admission of hearsay evidence, and to the claim that no conspiracy was alleged or proved. We have examined the record with care, and there is no testimony in the record relating to the defendant, Tsukas, being a part of any conspiracy, nor is there any charge in the indictment that he was engaged in one, the testimony of Miller merely indicating the manner in which the five individuals got together and procured a car. Miller testified positively that Tsukas was met by the other defendants on the way to the commission of the robbery, accompanied them in the Cadillac car, participated in the robbery at the restaurant, and was afterwards identified and named by the witness as one of the robbers.

The law of conspiracy may well be properly set out in the brief of plaintiff in error but has no relevancy to the

point in issue, *viz.*, that the defendant, Tsukas, was present and participated in an armed robbery. It may be true that no conspiracy was proved, and even that Tsukas did not engage in a conspiracy, but, if he was present as one of the armed robbers the question of conspiracy becomes immaterial. This point is without merit.

It is claimed, however, that the identification of plaintiff in error is unsatisfactory, and that he should not be convicted upon the uncorroborated testimony of an accomplice. We have many times held that a conviction may be based upon the testimony of an accomplice if it is of such a character that a jury is convinced beyond a reasonable doubt of the guilt of the accused. A late case so holding is *People* v. *Flaherty*, 396 Ill. 304. And, we might add that the testimony of the accomplice is not wholly uncorroborated. The identity is partially supported by the testimony of two witnesses who were present at the time of the robbery, and also by the fact that all of the parties fled, and a part of the money and property stolen was found and identified shortly after by the owners, and described by the witness Miller. And, while the robbers had their faces covered, their general appearance was testified to by eyewitnesses. It was wholly a question of fact for the jury, which, in the absence of any conflicting testimony whatsoever, was sufficient to establish the guilt of plaintiff in error beyond a reasonable doubt.

Plaintiff in error made a motion for a bill of particulars, which was denied by the court. The indictment charged the date on which the robbery occurred, *viz.*, April 4, 1949, and the name of the restaurant, the person robbed, and the county in which it occurred. The bill of particulars called for the situs of the offense; whether it was in day or night; within or without a building; whether there was a conspiracy; and the creation, participation and purpose of the conspiracy. As pointed out above, the question of conspiracy is not involved, and it has been settled that where

an indictment sufficiently informs the defendant of the offense charged against him there is no need for a bill of particulars, and that whether the People shall be required to furnish such a bill in a given case rests in the discretion of the trial court, and it is only in cases where it is clear there is an abuse of this discretion that a denial of the motion constitutes error. (*People* v. *Graves*, 331. Ill. 268; *People* v. *Montgares*, 347 Ill. 562.) The location, date, and nature of the crime were adequately set out in the indictment, and the other matters sought were not in issue and, consequently, no proper subject of inquiry in the case. There was no error in refusing such a bill of particulars.

We have read the entire record and all of the testimony, consisting of that of the accomplice Miller, the persons robbed, the police officers, and persons who were present in the restaurant at the time of the robbery. There is no opposing evidence offered to refute the testimony, which clearly and beyond any question establishes the robbery and the connection of the defendant Tsukas therewith.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*