THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY SHIVERS, Defendant-Appellant.

(No. 12825;

Fourth District—June 19, 1975.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Joy Fisher, Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

■■ Defendant-appellant Roy Shivers was tried before a jury in the circuit court of Champaign County, and convicted of the crime of rape. He was sentenced to a term of 5 to 15 years in the penitentiary. He contends that his guilt was not established beyond a reasonable doubt. The victim's roommate was in a room adjoining, with the door closed. She heard the struggle, heard the victim shout for help and promptly called the police. She subsequently heard the victim yelling "Stop it. You're choking me. \* \* \* I can't breath \* \* \* Don't rape me." The police arrived while the crime was in progress, the defendant being on top of his victim. Defendant claims that the victim's testimony with reference to penetration was impeached and that this is the flaw in the State's case. Penetration is a necessary element of the crime of forcible rape. (*People v. Perez,* 412 Ill. 425, 107 N.E.2d 749; *People v. Oatis,* 74 Ill.App.2d 103, 220 N.E.2d 71.) Whether or not the testimony of the victim was convincing is a matter for the jury. A seemingly prior inconsistent statement given by the victim relating to this issue was clearly explained by her, and the jury found her testimony credible. There was sufficient evidence to support the jury's verdict.

■■ Defendant also urges that the closing arguments of the prosecutor were so prejudicial and inflammatory as to deprive him of a fair trial. We first note that much of the matter complained of was not objected to during the course of the argument. Defense counsel stated to the jury:

"When you get to the jury room I am sure that some of you will think of things that I didn't say that I should have said. I'll have to ask also of each of you that you think of the replies that I would make to whatever Mr. Steigmann may say in his portion."

In rebuttal the prosecutor noted that defense counsel had completely failed to respond to the State's contention that the defendant's version of the incident was incredible and added:

"\* \* \* It's a very neat trick, ladies and gentlemen, because of course he has no explanation, and then he sat down at that table with about twenty minutes left for his argument, and said you come up with one."

Defendant maintains that his statement was an attempt to shift the burden of proof to defendant. In our view, when the remark was made

in the context noted, this contention is without merit, and clearly distinguishable from the circumstances present in *People v. Weinstein*, 35 Ill.2d 467, 220 N.E.2d 432, upon which defendant relies. In that case the prosecutor stated to the jury that " '* * * before you can find her not guilty, you must say that *she had created* a reasonable doubt.' " (Emphasis added.) The statement here in question obviously fails to approach that condemned in *Weinstein*, where the supreme court noted some 17 instances of improper argument.

We have examined the closing arguments, and find no improprieties which could have been responsible for the jury's verdict.

We see no need to burden this opinion with further evidentiary detail, and further discussion would have no precedential value. No error law appears in the record, and we affirm the judgment in compliance with Supreme Court Rule 23.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.