THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID LANZOTTI, Defendant-Appellant.
Fourth District   No. 14730

Opinion filed July 7, 1978.

Charles J. Gramlich and Albert J. Gardner, both of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, David Lanzotti, was charged in a Champaign County information with theft of diamond rings and burglary, violations of sections 16—1 and 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 16—1, 19—1). After being tried before a jury, defendant was found guilty of theft, but not guilty of burglary, and was, thereafter, sentenced to 2 to 6 years' imprisonment for the theft offense.

On appeal, defendant contends: (1) that the court abused its discretion in allowing evidence concerning defendant's alleged theft of another ring to be presented to the jury; (2) that the court abused its discretion in denying his motion for a bill of particulars; (3) that his guilt was not proved beyond a reasonable doubt; and (4) that he was denied a fair trial because the instructions given to the jury were improper.

The evidence adduced at defendant's trial reflects that the defendant and Joan Watkins, a/k/a Joan Evans, were carrying on an illicit relationship prior to and during March 1977. On March 4, 1977, defendant and Watkins entered M. J. Reed Jewelers in Champaign and looked at a number of women's diamond rings, including a diamond ring depicted in People's Exhibit No. 4 which had a 1.15 carat center stone surrounded by four smaller stones. A sales clerk also accepted for repair another ring which Watkins was carrying. The defendant and Watkins then left,

returning later in the afternoon at which time they looked at other rings and watches.

On March 5, 1977, another sales clerk was removing trays of rings from the store vault when she discovered an "imitation" ring in one of the trays. Upon further investigation, the ring depicted in People's Exhibit No. 4 was found to be missing. The ring was valued at $3,950.

On March 7, 1977, the defendant took some stones to Stout & Lauer Jewelers in Springfield for remounting in a man's ring. The shanks appeared to have been cut with a jeweler's pliers, but defendant explained to Arthur Lauer that another jeweler had worked on them. Lauer was later contacted by John Reed of M. J. Reed Jewelers who notified Lauer of the missing ring. Reed forwarded surveillance photographs taken of the defendant and Watkins at the Reed store on March 4, 1977. Lauer also discovered Reed's inventory identification number on the inside of the ring.

The defendant testified in his own behalf. He testified that he did not handle any women's rings at M. J. Reed Jewelers on March 4, 1977, and he identified the imitation ring left at the Reed store as having been in Watkin's possession during the week prior to March 4, 1977. He also testified that he and Watkins did return to the Reed store during the afternoon of March 4, 1977, but that they only viewed watches. On March 6, 1977, defendant and Watkins had a rendezvous in Springfield at which time Watkins gave him the stones and shanks which, he understood, had been removed from their original settings to supply him with stones for a new ring.

Prior to trial, defendant was charged in an additional count with a separate theft offense involving a woman's platinum wedding ring owned by M. J. Reed Jewelers. That count, however, was severed from the instant case and defendant filed a motion in limine to exclude evidence of the theft from the instant trial. The court denied the motion as well as defendant's objections when evidence of the theft was presented to the jury.

In *People v. Dumas* (1977), 49 Ill. App. 3d 756, 761, 364 N.E.2d 616, 620, this court stated that "* * * it is left to the sound discretion of the trial judge to weigh the probative value of the evidence of other crimes against its prejudicial effects. [Citations.]" In *People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, our supreme court stated: "* * * it has been broadly held that evidence of other offenses is admissible if relevant for any purpose other than to show propensity to commit a crime. [Citations.]" More specifically, such evidence may be admissible to show motive, intent, identity, absence of mistake, or *modus operandi.* (*Dumas.*) It may also establish a common scheme or design or may tend to place the defendant in proximity to the time and place of the offense charged. (*People v. Wilson* (1970), 46 Ill. 2d 376, 380-81, 263 N.E.2d 856.)

It may also disprove an alibi. *People v. Harris* (1970), 46 Ill. 2d 395, 399, 263 N.E.2d 35.

■■ In this case, the State concedes that its proof concerning whether defendant actually stole the platinum ring is weak, however, they point out that the ring had not been sold even though defendant presented it to Lauer on March 7, 1977. It is our opinion that the count charging defendant with the theft of the platinum ring should not have been severed from the instant case because both thefts appear to be intimately connected. Even though severance was allowed by the court, we will not say that that fact alone requires that less than all of the facts and circumstances of the Reed Jewelers theft should be presented to the jury. (*Cf. People v. Gambino* (1957), 12 Ill. 2d 29, 32, 145 N.E.2d 42.) The trial judge could very well have determined that the probative value of the platinum ring's theft outweighs its prejudicial value and, therefore, we find that he did not abuse his discretion by allowing that evidence to be presented to the jury.

■■ The decision to grant a bill of particulars also rests in the sound discretion of the court. (*People v. Decker* (1974), 19 Ill. App. 3d 86, 93, 311 N.E.2d 228.) A bill of particulars is required only when the indictment or information lacks the specificity needed to allow defendant to prepare a defense or to prevent his being twice placed in jeopardy. (*People v. Honn* (1977), 47 Ill. App. 3d 378, 387, 362 N.E.2d 90, 97.) After carefully reviewing the record in this case, especially the information filed on March 14, 1977, we find that the court did not abuse its discretion in denying defendant's motion for a bill of particulars.

■■ A reviewing court will reverse a jury's verdict on the ground that the evidence is insufficient to prove a defendant's guilt only if the evidence is so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to justify entertaining a reasonable doubt of the defendant's guilt. (*People v. Williams* (1976), 65 Ill. 2d 258, 268, 357 N.E.2d 525.) Direct proof of guilty knowledge and intent is not necessary to sustain a theft conviction, because these elements may be inferred from all the facts and circumstances of the case—including a defendant's recent, exclusive, and unexplained possession of stolen property. (*People v. Ward* (1975), 31 Ill. App. 3d 1022, 1025, 335 N.E.2d 57, 59; *People v. Hawkins* (1963), 27 Ill. 2d 339, 341, 189 N.E.2d 252, 253.) Where a defendant attempts to explain his possession of recently stolen property, it is the jury's function to determine his credibility. *People v. Kreisler* (1942), 381 Ill. 453, 458, 45 N.E.2d 653, 656.

■■ Our careful review of the record in the instant case discloses that defendant was present with Watkins at M. J. Reed Jewelers on the day of the theft and that he submitted the fruits of that theft to another jeweler for placement in another ring. Although defendant did testify as to the reason for his possession of those fruits, we decline to interfere with the

jury's verdict because their determination concerning the credibility of witnesses will be accorded great weight on appeal. *Williams.*

Defendant contends that an accountability instruction (Illinois Pattern Jury Instructions, Criminal, No. 5.03 (1968) (hereinafter cited as IPI Criminal)) should not have been given to the jury because the evidence allegedly establishes only that he was present at M. J. Reed Jewelers on March 4, 1977, not that he solicited, aided, abetted, agreed to, or attempted to aid Watkins in the planning or commission of the offense. (Section 5—2(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c)).) A defendant's mere presence or negative acquiescence during the commission of a crime does not make the defendant responsible as a principal. The circumstances surrounding the crime, however, may show that he aided and abetted in the planning or commission even though he was only present at the scene. *People v. Tate* (1976), 63 Ill. 2d 105, 108, 345 N.E.2d 480; *People v. Richardson* (1965), 32 Ill. 2d 472, 476-77, 207 N.E.2d 478.

■■ In the instant case, as we have already noted, there is evidence of record which shows that defendant was both present at the commission of the crime and later in exclusive possession of the fruits of the crime. Because of this, we find that the jury was properly given IPI Criminal No. 5.03 as well as IPI Criminal No. 13.21 on the inference to be drawn from the exclusive possession of recently stolen goods. See *People v. Duckins* (1978), 59 Ill. App. 3d 96, 99, 375 N.E.2d 173, 175-76.

■■ We also find that the alleged error in the giving of IPI Criminal Nos. 2.01, 13.01 modified, 13.02 modified, 13.21, and the verdict form entered by the jury was waived by defendant's failure to interpose timely objections thereto.

For the foregoing reasons, we affirm defendant's conviction for theft.

Affirmed.

GREEN, P. J., and CRAVEN, J., concur.