THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARTHOLOMEW HARRIS, Defendant-Appellant.

First District (1st Division) No. 1—86—0410

Opinion filed August 21, 1989.

834

Randolph N. Stone, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Christine Perille, Special Assistant State's Attorney, and Inge Fryklund and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Bartholomew Harris (defendant) was charged by information with aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14), criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13), aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16), and unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3). After a jury trial on these charges, defendant was convicted of aggravated criminal sexual assault, criminal sexual assault, and aggravated criminal sexual abuse. Because the trial court determined that

the lesser included offenses of criminal sexual assault and aggravated criminal sexual abuse merged into the aggravated criminal sexual assault offense, defendant was sentenced to 25 years in prison with three years of mandatory supervised release solely on the aggravated criminal sexual assault conviction.

Defendant appeals his convictions and sentence, contending that (1) the State failed to prove him guilty beyond a reasonable doubt for the crimes of criminal sexual assault and aggravated criminal sexual assault; (2) the trial court erred in accepting the State's jury instructions on an element of the offenses; (3) the State committed reversible error in misstating the law and the facts in closing argument to the jury; (4) the trial court erred in not requiring the State to provide a bill of particulars; and (5) the sentence of 25 years in prison with three years of mandatory supervised release was excessive. We affirm in part and vacate in part.

The State introduced testimony at trial that in March 1985, the victim, seven-year-old Vanessa Miela, approached her mother, Sharon Miela, and stated that defendant, who had been living with them, had been touching her in the vaginal area. The victim also told her friend, Serese, that the defendant was touching her.

On June 28, 1985, the Chicago police department received information concerning the aforementioned events. The officer assigned to the case, Donald Petersen, initially spoke with the victim's friend. Subsequent to speaking to the victim regarding the information received, Petersen placed defendant under arrest and took the victim to Provident Hospital, where she was examined.

From this examination, Dr. David Blackwell, a physician and surgeon at Provident Hospital, testified that the victim "had a tear in her, on the outer aspect of her vagina."[1] Dr. Blackwell found that the injury was "consistent with sexual abuse." He further testified that the victim told him that someone had been fondling her in the vaginal area.

The victim testified that defendant came into her bedroom on numerous occasions and touched her beneath her underwear. At times, defendant would unzip or take off his pants exposing his penis to the victim. The victim also testified that defendant would masturbate to ejaculation while he touched the victim's "middle." To demonstrate how defendant touched her and what she meant when referring to

---

[1]Specifically, the tear or laceration was on the victim's labia minora, the small fold of tissue at the entrance of the vagina. The labia minora is inside the labia majora, which is outside the vaginal area.

her "middle," the victim rubbed an anatomically correct doll, given to her by the State, in the vaginal area and placed her right finger inside the vaginal opening of the doll. The victim further stated that during the course of these events, defendant would cover the victim's mouth and hold her down on the bed.

An assistant State's Attorney, Richard Pullano, testified that he interviewed defendant at the police station on June 28, 1985. Defendant told Pullano that he had rubbed the victim's vagina and masturbated in her presence until he ejaculated in his hand, and that he grabbed the victim's chest and made her kiss and touch his penis. He further stated that he engaged in this activity several times a month with the victim, but could not remember the exact number because he was usually drunk. After the interview, Pullano prepared a handwritten summary of defendant's statement, which the defendant signed as being true and accurate.

The defendant testified on his own behalf. He denied engaging in any of the above activities with the victim. Defendant explained that he signed the statement at the police station because the police and Pullano said they would not take his children away from him, because he could not read well, and because he did not understand Pullano's prepared statement. Defendant claimed that Pullano fabricated the statements concerning his actions toward the victim, but admitted on cross-examination that Pullano read the statement to him and that he was not coerced to sign it.

As to his first contention that the evidence presented at trial did not prove him guilty beyond a reasonable doubt for the offenses of criminal sexual assault and aggravated criminal sexual assault, defendant argues that the State failed to prove "sexual penetration" for the charged crimes. An essential element of the crimes of criminal sexual assault and aggravated criminal sexual assault is "sexual penetration." (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13(a), 12—14(b).) The Criminal Code of 1961 (the Code) defines "sexual penetration" as follows:

> " 'Sexual penetration' means any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however, slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration."
> Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).

In support of his contention that the State did not prove sexual

penetration, defendant relies on the case of *In re Williams* (1974), 24 Ill. App. 3d 593, 321 N.E.2d 281, to construe the word "intrusion." Defendant argues, based on *In re Williams*, that the requirement of an "intrusion" involves an "insertion." (*In re Williams*, 24 Ill. App. 3d at 598, 321 N.E.2d at 284.) Defendant maintains that the State failed to meet its burden of proving insertion beyond a reasonable doubt. We disagree with defendant.

As the State argues, sexual penetration can be committed by "any intrusion, however slight." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).) The issue of whether sexual penetration did occur is a question of fact for the jury to determine. (*People v. Shivers* (1975), 29 Ill. App. 3d 359, 360, 330 N.E.2d 288, 289; *In re Williams*, 24 Ill. App. 3d at 598, 321 N.E.2d at 284.) A reviewing court will not encroach upon the jury's function to weigh the credibility of the witnesses or otherwise assess the evidence (*People v. Yates* (1983), 98 Ill. 2d 502, 518-19, 456 N.E.2d 1369, 1377-78; *People v. Nelson* (1986), 148 Ill. App. 3d 811, 821, 499 N.E.2d 1055, 1062), but will set aside a guilty verdict if evidence is so palpably contrary to the finding or so unreasonable, improbable, or unsatisfactory as to leave a reasonable doubt about the accused's guilt (*People v. Shum* (1987), 117 Ill. 2d 317, 356, 512 N.E.2d 1183, 1198; *Yates*, 98 Ill. 2d at 518-19, 456 N.E.2d at 1377-78; *People v. Williams* (1982), 93 Ill. 2d 309, 315, 444 N.E.2d 136, 138). Furthermore, a conviction for criminal sexual assault will be upheld by a reviewing court where the testimony of the victim is clear and convincing or substantially corroborated by other evidence. *People v. Server* (1986), 148 Ill. App. 3d 888, 895, 499 N.E.2d 1019, 1024; *People v. Morgan* (1986), 149 Ill. App. 3d 733, 739, 500 N.E.2d 1121, 1125.

We find the evidence here proved beyond a reasonable doubt the element of sexual penetration. First, the victim's testimony, when examined in its entirety, clearly and convincingly establishes sexual penetration. She testified that the defendant tried to put his finger in her vagina. She depicted defendant's acts to the jury by inserting her finger into the vaginal opening of an anatomically correct doll. This testimony was clear and convincing proof of sexual penetration. See *People v. Hutson* (1987), 153 Ill. App. 3d 1073, 506 N.E.2d 779 (child's testimony, utilizing an anatomically correct doll, found clear and convincing to prove the act of sexual penetration by finger).

Mere discrepancies will only affect the credibility of the witness. (*People v. Redman* (1986), 141 Ill. App. 3d 691, 703, 490 N.E.2d 958, 966.) It is for the trier of fact to weigh any discrepancies, and, if minor, the victim's testimony may still be considered clear and con-

vincing. (*Redman*, 141 Ill. App. 3d at 703, 490 N.E.2d at 966.) We find the victim's testimony to be clear and convincing, and any minor discrepancies in her testimony do not constitute reasonable doubt as to the defendant's guilt on the charges of aggravated criminal sexual assault and criminal sexual assault.

Moreover, the victim's testimony was corroborated by Dr. Blackwell's testimony. Medical testimony, such as Dr. Blackwell's, which supports the allegations of sexual abuse, may corroborate the victim's testimony if the victim's testimony is not clear and convincing. Dr. Blackwell testified that the victim had a tear on her labia minora, an injury which, in his opinion, would be "consistent with sexual abuse." Defendant's own admissions also corroborated the victim's testimony that sexual penetration occurred in this case. Defendant stated that he, on numerous occasions, had been "feeling [the victim] up" and "rub[bing] her vagina." From these admissions, it was logical for the jury to infer, and conclude, that some penetration, however slight, did in fact occur.

■ Accordingly, whether we rely solely on the victim's testimony or the medical testimony that corroborates it, the evidence proves that sexual penetration did occur; thus, the conviction on the charges of aggravated criminal sexual assault and criminal sexual assault must be affirmed.

Next, defendant alternatively contends that we should grant a new trial based on the inaccuracy of the jury instructions. Defendant maintains that the definition and use of the term "sexual penetration" contained in the jury instructions were inappropriate. The instructions in issue, derived directly from the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f)), contained the following language:

"The term 'sexual penetration' means any intrusion, however slight, of any part of the body of one person into the sex organ or [*sic*] another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration."

Defendant argues that the instructions referring to the terms "cunnilingus, fellatio, or anal penetration" should be deemed error by this court because no evidence existed to prove such conduct. Instead, he asserts that the trial court erred in refusing the following instruction:

"The term 'sexual penetration' means any intrusion, however slight, of the finger of one person into the sex organ of another person. Evidence of emission or semen is not required to prove sexual penetration."

■■ ■ It is established that the purpose of a jury instruction is to fully and fairly inform the jury of the applicable law without misleading or confusing them. (*People v. Prather* (1985), 138 Ill. App. 3d 32, 42, 485 N.E.2d 430, 437; *People v. Dordies* (1978), 60 Ill. App. 3d 621, 625, 377 N.E.2d 245, 249; *People v. Gambony* (1948), 402 Ill. 74, 81-82, 83 N.E.2d 321, 325.) Defendant agrees with the primary function of jury instructions, but urges this court to find that the instructions given here were not supported by the evidence and are therefore baseless. In support of his contention, defendant cites *People v. Shackles* (1977), 44 Ill. App. 3d 1024, 1026, 358 N.E.2d 1329, 1330, quoting *People v. Banks* (1962), 26 Ill. 2d 259, 262, 186 N.E.2d 338, 340, where courts expressed concern over the giving of an instruction not supported by the evidence because it may mislead the jury into believing that, in the opinion of the court, the evidence would support a finding that the facts exist upon which the proposition of law is based. (See also *People v. Townsend* (1985), 136 Ill. App. 3d 385, 483 N.E.2d 340; *People v. Faysom* (1985), 131 Ill. App. 3d 517, 475 N.E.2d 945; *People v. Lewis* (1979), 75 Ill. App. 3d 259, 393 N.E.2d 1098.) We deem these cases inapposite to the case at bar. Through the testimony of the victim and Dr. Blackwell, it was shown that sexual penetration did occur. Furthermore, the jury instructions were taken from the Illinois Pattern Instructions and fully and fairly instructed the jury on the applicable law. In *People v. Haywood* (1980), 82 Ill. 2d 540, 545, 413 N.E.2d 410, 413, the Illinois Supreme Court stated that Supreme Court Rule 451(a) (107 Ill. 2d R. 451(a)) requires that an Illinois Pattern Instruction be utilized when it accurately states the applicable law. In the case before us, defendant's objection to the applicability of the instructions given to the jury is without merit because the instructions are not only applicable based upon the evidence in the case, but also identical to the statutory definition of "sexual penetration." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).) Therefore, the trial court did not err when it deemed the instructions applicable to the charged offenses.

■■ In any event, any error in the instructions was harmless error and not a ground for reversal because the result would have been the same had defendant's aforementioned proposed instruction been submitted to the jury. (See *People v. Moore* (1983), 95 Ill. 2d 404, 410-11, 447 N.E.2d 1327, 1330.) Defendant was not prejudiced by the instructions, as overwhelming evidence existed here to prove defendant guilty beyond a reasonable doubt of the charged crimes.

Defendant also asserts that he was denied a fair trial due to the prosecutor's comments during closing arguments. Before we reach

the merits of defendant's arguments, it is necessary for this court to determine if a waiver of the prosecutor's statements occurred.

■■■ In support of its waiver contention, the State cites *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091, and *People v. Thomas* (1983), 116 Ill. App. 3d 216, 452 N.E.2d 77. Both cases stand for the proposition that Illinois law requires a defendant to object to any alleged error to properly preserve it for review. *Lucas*, 88 Ill. 2d at 250, 430 N.E.2d at 1093-94; *Thomas*, 116 Ill. App. 3d at 220, 452 N.E.2d at 80-81; see also *People v. Enoch* (1988), 122 Ill. 2d 176, 186-87, 522 N.E.2d 1124, 1130-31.

Defendant here failed to object to the alleged improper remarks at trial and in his post-trial motion. The post-trial motion stated that "[t]he assistant state's attorney made prejudicial inflammatory and erroneous statements in closing argument designed to arouse the prejudices and passions of the jury, thereby prejudicing the defendant's right to a fair trial."

*Thomas* directly supports the State's argument that defendant waived any error relating to the prosecutor's remarks during closing arguments to the jury. In *Thomas*, the defendant failed to object to the prejudicial remarks during trial, and his post-trial motion simply stated that the prosecution's closing argument contained "prejudicial, inflammatory, and erroneous statements designed to arouse the passions and prejudices of the jury," without setting forth the specific remarks constituting error. (*Thomas*, 116 Ill. App. 3d at 219-20, 452 N.E.2d at 80.) The court held that such a post-trial motion does not preserve the issues for review because of the lack of specificity. (*Thomas*, 116 Ill. App. 3d at 220, 452 N.E.2d at 80, citing *People v. Buford* (1982), 110 Ill. App. 3d 46, 54-55, 441 N.E.2d 1235, 1242; see also *Enoch*, 122 Ill. 2d at 187, 522 N.E.2d at 1130; *People v. Turk* (1981), 101 Ill. App. 3d 522, 533, 428 N.E.2d 510, 516-17.) According to the holding in *Thomas*, we find that the prosecutorial misconduct during closing arguments has been waived for purposes of this appeal. Furthermore, we do not invoke the doctrine of plain error because the evidence was not closely balanced, nor was the error of such magnitude that the defendant was denied a fair trial. *Lucas*, 88 Ill. 2d at 251, 430 N.E.2d at 1093-94.

■■■ ■ Even assuming *arguendo* that defendant did not waive any error pertaining to the prosecutor's comments during closing arguments, defendant's contention is without merit because the remarks were justified based upon the evidence. It is established that a prosecutor is given a great amount of latitude during closing argument regarding statements made, and the trial court's determination of the

propriety of closing argument will generally be followed absent a clear abuse of discretion. (*People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, 326-27; *People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 322, 379 N.E.2d 847, 852.) The prosecutor may comment on the evidence and all the legitimate inferences deducible from the evidence, even if unfavorable to the defendant. *Weatherspoon*, 63 Ill. App. 3d at 322, 379 N.E.2d at 853.

The first comment defendant urges as improper is the prosecutor's description of defendant's actions and how those actions constituted sexual penetration. The prosecutor stated the following:

"Penetration, now let's deal once more with penetration. Penetration of any part of the body, that means it includes the finger into the sex organ of another person. In other words when that man placed his finger inside the vaginal area of little Vanessa, he committed penetration under the law."

Defendant maintains that the State misstated the law when it discussed the term "penetration," particularly the use of the terms "vaginal area" instead of "vagina." We find that this did not create prejudicial ambiguity to defendant because the prosecutor's use of the word "inside" prior to the words "vaginal area" is consistent with the definition of "sexual penetration."

The second comment in issue is the prosecutor's reference to the victim living a "nightmare" based on the events she has experienced. The prosecutor stated:

"I made a mistake in opening statement because I told you the nightmare ended June 28th. Well, the nightmare hasn't ended for Vanessa Miela and I don't know if it ever will."

Defendant maintains that no evidence existed to support the prosecutor's characterization that the victim lived a "nightmare." The prosecutor's remarks, however, were based on the victim's and Dr. Blackwell's testimony and were legitimate inferences deducible therefrom. (See *People v. Wright* (1974), 56 Ill. 2d 523, 532-33, 309 N.E.2d 537, 542; *People v. Hairston* (1970), 46 Ill. 2d 348, 375, 263 N.E.2d 840, 856; *People v. Ostrand* (1966), 35 Ill. 2d 520, 531-32, 221 N.E.2d 499, 506, *rev'd on other grounds People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685.) Accordingly, we find that the prosecutor's statements were proper.

Moreover, any error was harmless. (See *People v. Rowe* (1983), 115 Ill. App. 3d 322, 327, 450 N.E.2d 804, 809.) We believe the prosecutor's comments did not represent a material factor in defendant's conviction, result in substantial prejudice to him, or affect the verdict such that a different result would have been reached had the

comments not been made. *People v. Holloway* (1983), 119 Ill. App. 3d 1014, 1021, 457 N.E.2d 466, 472.

 ██ Additionally, defendant requests a new trial on the grounds that he was precluded from preparing an adequate defense due to the trial court's refusal to require the State to furnish a bill of particulars containing exact dates of the charged crimes. It is within the sound discretion of the trial court whether to require a more specific bill of particulars, and only where there has been a clear abuse of discretion will the denial of a motion for a more specific bill of particulars be held error. (*People v. Lego* (1987), 116 Ill. 2d 323, 336-37, 507 N.E.2d 800, 804; *People v. Curtis* (1968), 41 Ill. 2d 147, 148, 242 N.E.2d 201, 202; *People v. Tsukas* (1950), 406 Ill. 613, 617, 94 N.E.2d 895, 897.) The purpose of a bill of particulars is to adequately inform the defendant of the nature of the accusations against him and to prepare a defense. *Lego*, 116 Ill. 2d at 336-37, 507 N.E.2d at 804; *People v. Lanzotti* (1978), 61 Ill. App. 3d 451, 454, 378 N.E.2d 369, 371; *People v. Honn* (1977), 47 Ill. App. 3d 378, 387, 362 N.E.2d 90, 97.

 Defendant here was informed of the nature of the accusations against him, and he has not shown in what manner he was prejudiced or impeded in his preparation of an adequate defense. The State complied with statutory provisions applicable to the commencement of a felony prosecution by information (Ill. Rev. Stat. 1985, ch. 38, pars. 111–3(a)(1) through (a)(5)). Particularly, the requirement that the State provide the date and count of the offense "as definitely as can be done" (Ill. Rev. Stat. 1985, ch. 38, par. 111–3(a)(4)) was met. Given the facts of this case, the dates provided to the defendant, although spanning some six months, were as specific as possible. Because of the young age of the victim and the fact that the acts occurred over a period of six months, the dates proferred by the State were acceptable.

Moreover, in cases involving sexual abuse of a child, flexibility exists regarding the date requirement (Ill. Rev. Stat. 1985, ch. 38, par. 111–3(a)(4)) necessary under the Code. (*People v. Long* (1977), 55 Ill. App. 3d 764, 772, 370 N.E.2d 1315, 1321-22.) Consequently, we find that the trial court did not abuse its discretion in refusing to require the State to provide a more specific bill of particulars and affirm defendant's convictions.

 Finally, defendant contends that the sentence of 25 years in prison and three years of mandatory supervised release is excessive. It is not the function of a reviewing court to serve as a sentencing court, and absent a clear abuse of discretion by the trial court, a sentence will not be disturbed upon review. (*People v. Cox* (1980), 82 Ill.

2d 268, 275, 412 N.E.2d 541, 547; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 884.) Here we cautiously find that the trial court abused its discretion.

■■■ In determining a sentence, the trial court is authorized to consider the seriousness and circumstances of the offense, in addition to the defendant's mentality, age, credibility, and demeanor. (*Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884; *People v. Morgan* (1974), 59 Ill. 2d 276, 282, 319 N.E.2d 764, 768; *People v. Requena* (1982), 105 Ill. App. 3d 831, 838, 435 N.E.2d 125, 130; *People v. Rosa* (1982), 111 Ill. App. 3d 384, 395, 444 N.E.2d 233, 239-40.) Moreover, the trial court must strike a proper balance between the protection of society and the rehabilitation of defendant. (*Cox*, 82 Ill. 2d at 280, 412 N.E.2d at 547; *People v. Treadway* (1985), 138 Ill. App. 3d 899, 905, 486 N.E.2d 929, 933.) Pursuant to the Illinois Constitution, rehabilitation must not only be considered as a factor in determining a proper sentence, but it must actually be one objective of a sentence. (*People v. Gibbs* (1977), 49 Ill. App. 3d 644, 648, 364 N.E.2d 491, 494.) After recognizing all of the foregoing principles governing sentencing, we apply them to the case at bar.

Aggravated criminal sexual assault is a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(c)), with a statutory prison term of not less than six years and not more than 30 years as mandated by the Unified Code of Corrections (the Corrections Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3)). Thus, the trial court's sentence of 25 years was within the statutory limits prescribed by the legislature.

A review of the record in the case at bar also reveals that the trial court considered all of the factors presented in aggravation and mitigation of the offense, as mandated by the Corrections Code (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3.1, 1005—5—3.2), before sentencing defendant. For purposes of this appeal, it is important to note the mitigating factors. Among these factors was the background of the defendant. Defendant, who is 39 years old, is an alcoholic,[2] has no prior felony convictions,[3] and has served no time in prison. Additionally, defendant only possesses a fourth-grade education due to him being employed at an early age to support his family. Defendant's employment record indicates that he is a dependable individual and a consistent employee. He was employed at the University of Chicago as

---

[2]The presentence investigation evidences the fact that defendant is an alcoholic and has been treated for this illness. Furthermore, during the criminal sexual acts with the victim, defendant admitted that he was usually intoxicated.

[3]Defendant's criminal record contained only minor convictions of drinking on a public way and unlawful use of a weapon.

a maintenance worker from 1975 through his date of imprisonment. Finally, defendant appears to be a responsible person evidenced by him providing financial support for his three children, two of whom live out of State with their mother, and the other, who resides in Chicago.

■■■ Despite these mitigating factors defendant was still sentenced to 25 years in prison with three years of mandatory supervised release. Although defendant's acts are heinous, which we in no way condone, we find that the sentence imposed is excessive.

In aggravated sexual assault cases involving similar facts to the case at bar where a child was involved and sexual penetration was committed by the insertion of a finger, the sentences have not even closely paralleled the sentence imposed here. For example, in *People v. Hutson* (1987), 153 Ill. App. 3d 1073, 506 N.E.2d 779, defendant was convicted of aggravated criminal sexual assault and aggravated criminal sexual abuse. The trial court sentenced defendant to six-year concurrent prison terms for each offense. Of particular importance is the fact that the element of "sexual penetration" was committed by defendant inserting his finger into the child's vagina.

The case at bar contains the same facts as *Hutson*, the inserting of a finger in the child's vagina. Despite the fact that the cases are almost identical, the sentences imposed in each are in gross disparity.

Also parallel to the facts of the case here is *People v. McCoy* (1987), 156 Ill. App. 3d 194, 509 N.E.2d 567, in which defendant was convicted of aggravated criminal sexual assault and sentenced to six years' imprisonment for inserting his finger into a child's anus. Additionally, defendant had a prior forgery conviction, which was presumably considered as an aggravating factor in determining his sentence. Again, this case is analogous to the instant case. Both cases involve the insertion of a finger, thereby constituting sexual penetration, and in each case a prior conviction was presumably considered as an aggravating factor in determining an appropriate sentence. Yet, the sentences imposed in each case bear no correlation to each other.

Finally, we note the case of *People v. Ortiz* (1987), 155 Ill. App. 3d 786, 508 N.E.2d 490, where defendant was convicted of aggravated criminal sexual assault and sentenced to a 25-year prison term for inserting his finger into a child's vagina and anus. At first glance, *Ortiz* appears to be indicative on the sentencing issue here, but crucial differences exist between the cases. First, the defendant in *Ortiz* sexually penetrated the victim by inserting his finger in both her vagina and anus. The defendant in the instant case penetrated the victim by inserting his finger in her vagina. Second, the defendant in *Ortiz* had a prior conviction for the offense of indecent liberties with a child, which

was clearly considered as an aggravating factor in sentencing defendant. Defendant here has never been convicted of any prior criminal sexual acts. Based on *Ortiz*, an imposition of a 25-year sentence in the instant case is not justified.

Moreover, even in cases involving more serious criminal sexual acts with children, the sentences imposed have not been as severe as in the instant case. In *People v. Watson* (1989), 178 Ill. App. 3d 796, 533 N.E.2d 1011, defendant was sentenced to an eight-year prison term after a jury found him guilty of aggravated criminal sexual assault and criminal sexual assault. The specific acts that defendant committed were the following: the inserting of his penis and finger into his seven-year-old stepdaughter's vagina.

In *People v. Daniels* (1987), 164 Ill. App. 3d 1055, 518 N.E.2d 669, defendant was convicted of aggravated criminal sexual assault and sentenced to a six-year prison term. The specific acts that defendant committed were the following: directing her son to put his penis in her vagina during a pornographic home video.

In *People v. Fisher* (1988), 169 Ill. App. 3d 785, 523 N.E.2d 368, defendant was convicted of aggravated criminal sexual assault and sentenced to a 10-year prison term. The specific acts that the defendant committed were the following: licking, smelling, and inserting a knife into the vagina of his 35-month-old niece.

Finally, in *People v. Bayer* (1987), 160 Ill. App. 3d 218, 513 N.E.2d 457, defendant was convicted of aggravated criminal sexual assault and sentenced to a 14-year prison term. The specific acts that the defendant committed were the following: on numerous occasions, placing his penis into the mouth of his nine-year-old stepdaughter until ejaculation and sexually penetrating her vagina with his finger.

In light of the above cases, which are factually similar and in some instances more severe than the case at bar, we find that the sentence here is excessive. Our research does not disclose any case similar to the facts at bar where a 25-year sentence was imposed. While we give great deference to the trial court in its sentencing function, we cannot affirm the sentence imposed against defendant.

Further support that the trial court abused its discretion in sentencing defendant to a 25-year prison term is extracted from the record. During sentencing the trial court stated that "little or no treatment is available—at least that medical or other sciences have available to use" for defendant. The record does not contain any evidence that would support such a determination by the trial court. Moreover, commentators and clinical studies have indicated that treatment for paraphilia is available and successful. See Bradford, *Organic Treat-*

*ments for the Male Sexual Offender*, 3 Behavioral Sciences & the Law 355 (1985) (analyzes three significant organic treatments for the sexual offender: antiandrogen or other hormonal agents; surgical castration; and stereotaxic neurosurgery); Grossman, *Research Directions in the Evaluation & Treatment of Sex Offenders: An Analysis*, 3 Behavioral Sciences & the Law 421 (1985) (review of early and current techniques for evaluating and treating male sex offenders, with emphasis on biological and behavioral therapies).

After careful consideration, we find that the 25-year sentence is excessive, that a proper balance between society and rehabilitation will only be maintained if the term is reduced, and that defendant has rehabilitative potential that would be poorly served by such an excessive sentence. A reduced sentence will allow defendant at least the possibility of being restored to a meaningful, productive life, and at the same time will be adequate retribution for his offenses, provide protection for society, and serve as a deterrent. We therefore vacate defendant's sentence and remand the cause for resentencing consistent with our finding. We stress that any reduction in defendant's sentence does not in any way diminish the seriousness of the crime and its abhorrence to society.

Affirmed in part; vacated in part and remanded.

MANNING, P.J., and CAMPBELL, J., concur.