THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD BAKER, Defendant-Appellant.

Fourth District   No. 4—92—0613

Opinion filed February 18, 1993.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Ronald Baker pleaded guilty to criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—13(a)(3)), in exchange for the State's agreement to drop five counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14), and limit its recommendation at an open sentencing hearing to 10 years' imprisonment. Defendant was sentenced to 10 years' imprisonment. Defendant appeals, alleging the trial court abused its discretion in fashioning such a sentence. We disagree and affirm.

Defendant married C.C. in October 1989. C.C. had three children from previous relationships: B.C., S.C. and D.S. Defendant, C.C., and the three children lived together as a family unit until defendant's arrest on November 15, 1991.

On November 12, 1991, B.C. told his junior high school principal he had been sexually abused at home. B.C. was interviewed by Officer Larry Zonfrilli. B.C. told Zonfrilli that on approximately 30 occasions over a period of several months defendant had forced B.C. to engage in oral and anal intercourse. B.C. was 11 years old during most of the abuse, but turned 12 on October 4, 1991. The abuse generally occurred at home while C.C. was at work, but also occurred on one occasion when defendant took B.C. on an overnight camping trip. B.C. told Zonfrilli that sometimes anal intercourse would cause him to have abdominal pain, and if he told defendant, defendant would stop for awhile but continue later. On at least one occasion after being forced to engage in anal intercourse by defendant, B.C. experienced bleeding when he had a bowel movement. On another occasion, defendant forced B.C. to engage in anal intercourse in the shower, and after the act was completed, defendant inserted a tube into B.C.'s rectum.

S.C., B.C.'s eight-year-old brother, was also interviewed. S.C. told Officer John Grabow defendant never let S.C. out, beat him a lot, and forced him to engage in anal and oral intercourse. Defendant ejaculated in S.C.'s mouth, on his stomach, and on his back. S.C. was under the impression the abuse was a punishment for something he had done. S.C. told Grabow the abuse began during the 1990 school year, and continued throughout the summer. S.C. could not tell Grabow how many times he had been sexually abused by defendant, but stated it happened a lot.

B.C., S.C. and their half-brother, D.S., were placed in foster care and C.C. initiated dissolution proceedings against defendant. After his arrest, defendant began to attend counseling sessions.

Defendant was 37 at the time of his arrest. He alleges he was sexually abused when he was 12 years old by his older brother. He has a general equivalency diploma and an accounting certificate from a community college. He enlisted in the Air Force, but was honorably discharged after a short time due to a nervous condition. Defendant was unemployed at the time of his arrest and had a sporadic employment history over a period of years. Defendant had no prior convictions other than a speeding ticket. At the sentencing hearing, defendant stated he had made a grave mistake and wished to correct it. The defense argued a term of intensive probation would be appropriate.

The trial court found the family member probation, available to defendants convicted of the sexual assault of a family member (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(e)), would be inappropriate under the circumstances. The court noted defendant's lack of criminal record and subjection to sexual abuse as a child were mitigating factors. The court also noted the aggravating factors. Specifically, the court found defendant began the sexual abuse not long after he became a family member and the abuse did not occur in an isolated incident, but was part of an ongoing course of conduct. Finally, the court found defendant not only should have been aware of the pain he inflicted on occasion, but based on his own experience as an abused child, was "certainly aware of the harm generally that this could and would undoubtedly cause to the young boy." The court concluded the harm done and the nature and circumstances of the offense outweighed the factors in mitigation. Accordingly, the court sentenced defendant to 10 years' imprisonment. Defendant's motion to reconsider was denied. Defendant appeals, alleging he should have been sentenced to probation, or, in the alternative, to a minimum sentence of six years.

On appeal, the defendant alleges the circuit court abused its discretion in sentencing him to 10 years' imprisonment because it did not adequately consider (1) he did not cause or threaten serious physical harm to another, nor did he contemplate his criminal conduct would cause or threaten such harm; (2) he had been sexually abused as a child and did not receive treatment; (3) his character and attitudes indicated he was unlikely to commit another crime; and (4) his rehabilitative potential.

■ Defendant's first contention is completely unsupportable. The trial court specifically stated it was considering the issues of whether

defendant's conduct caused harm and whether he contemplated it would cause harm. Additionally, contrary to defendant's assertion on appeal that his conduct caused no harm, the trial court found defendant should have known the pain he was causing the victim and certainly knew of the harm his conduct would undoubtedly cause a young boy. The trial court's findings are wholly supported by the evidence. Defendant's sexual assault of B.C. caused B.C. physical pain, as evidenced by B.C.'s abdominal pain while defendant had anal intercourse with him and by B.C.'s bleeding during a bowel movement.

Although defendant would have us believe he did not contemplate he would harm B.C. by sexually assaulting him, defendant also alleges he has suffered depression for 15 years and has had difficulties in his schooling, marriage, military service and employment, and sexually assaulted his stepson, all as a result of the sexual abuse he himself suffered as a child. Clearly a person who has suffered such an extensive list of difficulties as a result of sexual abuse was aware of the psychological trauma victims suffer as a result of being sexually assaulted. The trial court properly found the physical and psychological harm defendant caused B.C. constituted an aggravating factor. Harm, including psychological trauma, is an aggravating factor which may warrant a sentence in excess of the minimum sentence. *People v. Back* (1992), 239 Ill. App. 3d 44, 80; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 1071, 469 N.E.2d 1137, 1148.

■ Defendant's contention the trial court did not adequately consider he had been sexually abused as a child must also be rejected. At the sentencing hearing, defendant's counsel argued the sexual abuse defendant suffered as a child was a mitigating factor. The trial court accepted this argument and recognized there is a likelihood a person who has been abused as a child may develop into a perpetrator of the same type of abuse. However, the court found the mitigating factors were outweighed by the aggravating factors.

■ Defendant next contends the trial court did not adequately consider that his character and attitudes indicated he was unlikely to commit another crime. The trial court was presented with letters written by family friends on behalf of defendant, and evidence defendant sought counseling. However, the court was also provided with evidence regarding the nature and circumstances of the crime and a psychological assessment of defendant indicating he had a chronic sexual disorder and was resistant to change. The trial court is in the best position to determine how the character and attitudes of the defendant reflected upon the likelihood of his committing another crime. This is because the trial court is in a better position to make a firsthand rea-

soned judgment based on defendant's general moral character, credibility, social habits, and age. (*People v. Anders* (1992), 228 Ill. App. 3d 456, 467, 592 N.E.2d 652, 659.) Although the trial court did not specifically mention the likelihood of defendant's committing another crime, it was argued by both the State and the defense in closing arguments. In imposing sentence, the court has no obligation to recite and give value to each fact presented at the sentencing hearing. (*People v. Votava* (1991), 223 Ill. App. 3d 58, 80, 584 N.E.2d 980, 995.) Thus, we must also reject defendant's argument on this point.

■ Finally, defendant contends his 10-year sentence does not adequately take into account his rehabilitative potential. Although the Illinois Constitution requires a court to consider a defendant's rehabilitative potential, it does not require the court to give greater weight to rehabilitation than to the seriousness of the offense. Rehabilitation does not outweigh other factors warranting a severe sentence. *People v. Reid* (1987), 160 Ill. App. 3d 491, 493, 513 N.E.2d 517, 518.

Defendant alleges he suffers from a sexual disorder and he may be successfully rehabilitated through available treatment. In support of his position that his sentence ought be reduced in light of his potential for rehabilitation, defendant directs our attention to *People v. Harris* (1989), 187 Ill. App. 3d 832, 543 N.E.2d 859. Harris was sentenced to 25 years' imprisonment on a conviction for aggravated criminal sexual assault. (*Harris*, 187 Ill. App. 3d at 836, 543 N.E.2d at 860.) The criminal act which served as the basis of the aggravated criminal sexual assault conviction was the penetration of a child's vagina by the defendant's finger. (*Harris*, 187 Ill. App. 3d at 837, 543 N.E.2d at 861.) In sentencing defendant to 25 years' imprisonment, the trial court stated, "little or no treatment is available at least that medical or other sciences have available" for sexual offenders. The appellate court stated there is treatment available, and that in cases factually similar, and more severe, lesser sentences were rendered. Thus, the appellate court vacated the defendant's 25-year sentence and remanded for resentencing. *Harris*, 187 Ill. App. 3d at 847, 543 N.E.2d at 868.

We disapproved of the *Harris* decision in *People v. Helton* (1990), 195 Ill. App. 3d 410, 552 N.E.2d 398. Specifically, we noted although the appellate court in *Harris* found the sentence to be within the statutory range and the trial court considered all factors in aggravation and mitigation, the appellate court proceeded to reweigh the factors. We noted the reweighing of sentencing factors has been repeatedly disapproved of by the Illinois Supreme Court. (*Helton*, 195 Ill. App. 3d at 420, 552 N.E.2d at 405 (and cases cited therein).) Accordingly,

we affirmed Helton's 15-year sentence for aggravated criminal sexual assault resulting from an act similar to that committed by Harris.

In *People v. Terneus* (1992), 239 Ill. App. 3d 669, 675-79, we further criticized *Harris* and rejected a similar argument of excessive sentence based on a comparison of the defendant's case with several other reported decisions involving defendants convicted of aggravated criminal sexual assault who received less severe sentences than defendant Terneus received.

In the present case the circuit court gave adequate consideration to the aggravating and mitigating factors. The court did not abuse its discretion in finding the aggravating factors outweighed the mitigating factors and sentencing defendant to 10 years' incarceration. We decline to reweigh the sentencing factors and instead affirm defendant's sentence.

Affirmed.

McCULLOUGH and COOK, JJ., concur.